(142 App. Div. 166.)

DOUGLASS v. HEWSON.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. MASTER AND SERVANT (§ 332*)—NEGLIGENCE OF SERVANT—MASTER'S BUSINESS—SCOPE OF AUTHORITY.

Where defendant had told his chauffeur that his automobile was not to be used without his express orders, but permitted the chauffeur to use the automobile to go to his meals, and on the occasion of plaintiff's injury by the chauffeur's alleged negligence he was using the machine to take his clothing to a laundry, an instruction that, if defendant consented

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"that the chauffeur might use the car," he was liable for his negligence, was improper.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1277; Dec. Dig. § 332.*]

2. MASTER AND SERVANT (§ 330*) — NEGLIGENCE OF SERVANT — EMPLOYER'S BUSINESS—SCOPE OF EMPLOYMENT—EVIDENCE.

　　In an action for injuries to plaintiff by the alleged negligence of defendant's chauffeur in operating defendant's automobile, evidence *held* insufficient to show that the chauffeur at the time of the accident was acting in his employer's business, or within the scope of the chauffeur's employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

　　Houghton, J., dissenting.

Appeal from Trial Term, Clinton County.

Action by Addie Douglass against John H. Hewson. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

　　The defendant and his family were staying at the Hotel Cumberland with his automobile. His chauffeur was boarding at the Chauffeurs' Lodge connected with the hotel. He paid the chauffeur $6 a week and the expenses of the trip, and the defendant assumed that the laundry bill was to be included in the expenses, although it had never been discussed. He had told the chauffeur that the automobile was not to be used by him upon any occasion or taken out without his express orders. At the hotel it was necessary for the chauffeur to go about half a mile for his meals, and, as he was lame, the defendant authorized him to use the automobile for that purpose. The chauffeur one night, without the defendant's knowledge or consent, invited two other chauffeurs and hackmen to go to Plattsburg with him in the car. He took with him a package of his own for the laundry, and said he wanted to get shaved. They went to Plattsburg, but he did not take the package to the laundry, but brought it back with him, and apparently made no effort to go to the laundry or to get shaved. In returning he negligently injured the plaintiff. Both the defendant and the chauffeur swore that the automobile was taken out this night without the knowledge or consent of the defendant, and that it never before had been used by the chauffeur for his own purposes except by the chauffeur in going to and from his meals while they were staying at the hotel. It does not appear whether there was or was not a barber shop or laundry at or connected with the hotel. While the chauffeur was apparently under arrest, the defendant was sent for and some witnesses swore that the chauffeur said, while the defendant was in the room and apparently within hearing distance, that he had the permission of the defendant to use the machine, and that he did not deny or confirm the statement.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Weeds, Conway & Cotter (T. B. Cotter, of counsel), for appellant. John H. Booth, for respondent.

JOHN M. KELLOGG, J. The defendant contended that the use of his automobile by the chauffeur in taking the latter's clothing to the laundry was not the master's business or within the scope of his employment, and relied on Cunningham v. Castle, 127 App. Div. 580,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

111 N. Y. Supp. 1057. The court announced that it would not follow that case, and that, if the defendant consented that the chauffeur might use the car, he was liable for the chauffeur's negligence. This was duly excepted to. This same proposition was reiterated in the charge. In response to requests to charge, and at the suggestion of the plaintiff's counsel, this was perhaps somewhat substantially modified. After a careful reading of the charge and the rulings upon the various requests, it is clear that the jury did not fully understand the real question of law which applied to the facts in the case, and it is probable that it acted in the belief that the proposition first stated was right. The question of the defendant's liability, as it was finally left before the jury, was in such an uncertain manner that the court is satisfied that the defendant was prejudiced by it. The evidence is not sufficient to show that the chauffeur, at the time of the negligence, was acting in his employer's business or within the scope of his employment.

The judgment and order should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., dissenting in opinion.

HOUGHTON, J. (dissenting). I realize that it is not the law, but I trust it soon will be by statute or authoritative decision, that the owner of an automobile should respond in damages for the negligence of his chauffeur when he consents that he may take the machine and use it even for his own business or pleasure. There is no more reason why an owner should not be liable under such circumstances than there is that a railway company should be exempt from liability if it permitted its engineer or motorman to take a locomotive or car and run it upon its tracks for his own pleasure or convenience. Courts would hesitate to say that if under such circumstances an accident occurred to a traveler the railroad company was exempt from liability because its servant with its consent was using its locomotive or car for his own pleasure. A powerful automobile is ordinarily driven along the highway as rapidly as electric cars or ordinary railway trains, and is precisely as dangerous to the traveler, and oftentimes more so, because it is confined to no particular track.

The present case was not tried upon any such theory, however, but rather upon the theory that the chauffeur was upon the business of the master with his knowledge and consent. It was a fair question for the jury whether or not it was the business of the master for the chauffeur to take the machine to go to Plattsburg for the purpose of getting his apparel laundered. It does not appear that there was any way of his obtaining clean linen at the Hotel Champlain, but whether there was or not the master could permit him to patronize a public laundry. The defendant was upon a tour through the Adirondacks with his family. He was paying his chauffeur small wages and all of his expenses. In order to present a proper appearance, it was necessary that he have clean linen. The defendant does not deny that he was to pay such an expense. On the contrary, he virtually concedes that he was. It was also a fair question for the jury

upon the proof as to whether the defendant consented that his chauffeur take the machine to go to Plattsburg for the purpose indicated.

Of course, there can be no question of the negligence of the chauffeur. He ran into two conveyances in nearly as many rods.

The judgment is a moderate one, and I think it should be affirmed.