HILL v. STAATS. (No. 8416.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 21, 1916.)

Master and Servant ☞302(6)—Tort of Servant—Scope of Employment.

Where a chauffeur disobeyed his master's instructions in leaving circus show grounds, although the master had enjoined him not to leave the grounds while the master's wife and children

were attending the circus, and an accident occurred while the chauffeur was apparently returning to the grounds, the chauffeur was not, at the time of the injury to plaintiff, acting within the scope of his employment, on the ground that when the accident occurred he was at least resuming the service of the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1220; Dec. Dig. ☜302(6).]

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

On motion for rehearing. Motion overruled.

For former opinion, see 187 S. W. 1039.

J. W. Stitt, of Ft. Worth, for appellant. Capps, Cantey, Hanger & Short, of Ft. Worth, for appellee.

BUCK, J. Appellant has filed an able argument in support of his motion, and he stresses the point that though the chauffeur had disobeyed his master's instructions in leaving the show grounds, yet, since the master had enjoined him not to leave the car during the time the master's wife and children were attending the circus, but to remain in charge of the car, and since the accident occurred while the chauffeur was apparently returning to the place where he had been ordered to remain, it should be held that in so returning the chauffeur was at least resuming the service of his master, and that, therefore, the chauffeur was, at the time of the injury to plaintiff, acting within the scope of his employment.

We appreciate the force of the contention made, and it presents a question fraught with some difficulty, nor were we oblivious thereto at the time of the original consideration. There is considerable contrariety of holding upon the question of what constitutes the "scope of the servant's employment." As is said in the recent work of "Berry on Law of Automobiles," § 613, p. 688:

"The phrase 'in the course, or scope, of his employment, or authority,' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business. It is not synonymous with 'during the period covered by his employment.' It does not follow that because one who has been guilty of negligence was at the time acting under an employment by another, that he was acting within the scope of such employment. It must appear that the acts complained of were done by him while performing the duties pertaining to that employment. But the mere fact that the servant, acting for the master, deviates from his instructions, does not take the act out of the scope of his employment. The test is whether the act done was in the prosecution of the business in which the servant was employed to assist. He may be acting within the scope of his employment, although disobeying the express commands of the master at the time. The question of the ignorance or consent of the master has no bearing upon his liability."

In the recent case of Eakin, Adm'r, v. Anderson, 169 Ky. 1, 183 S. W. 217, the chauffeur was directed to take the car from the garage at a stated time and call at a certain house, but, starting an hour earlier, he went on an errand of his own a distance further than that between the garage and the house to which he had been directed to go. He then started from the place of his personal errand towards the house where his master had told him to go, and by a different route than that by which he had come, and on this trip the accident occurred. The master was held not liable. In this case the court held that it was not so much a question as to whether there had been merely a deviation from, or an abandonment of, the master's business, but the facts showed rather that at the time of the accident the chauffeur had not begun his master's business. Yet the evidence did show that he was on his way to perform the errand directed.

In Fleischner v. Durgin, 207 Mass. 435, 93 N. E. 801, 33 L. R. A. (N. S.) 79, 20 Ann. Cas. 1291, the owner instructed the chauffeur to take his car to the garage, less than a mile away, but the chauffeur, without the owner's knowledge or consent, drove the car on an errand of his own several miles distant, and just after turning back towards the garage the accident occurred. The owner was held not liable. To the same effect are Schoenherr v. Hartfield, 172 App. Div. 294, 158 N. Y. Supp. 388 (1916); 1 Shearman & Redfield, Neg. (6th Ed.) § 148; Douglass v. Hewson, 142 App. Div. 166, 127 N. Y. Supp. 220; Steffen v. McNaughton, 142 Wis. 49 (1910); McCarthy v. Timmins, 178 Mass. 378, 59 N. E. 1038, 86 Am. St. Rep. 490; Higgins v. W. U. Telegraph Co., 156 N. Y. 75, 79, 50 N. E. 500, 66 Am. St. Rep. 537.

While, as before suggested, other cases might be cited sustaining appellant's contention, yet, in the face of the conflict of authorities, we conclude that the more reasonable and just rule has been followed by the courts whose decisions we have cited. Hence appellant's motion for rehearing is overruled.