### VAN CLEAVE et al. v. WALKER et al.
### (No. 1506.)

(Court of Civil Appeals of Texas. Amarillo. March 26, 1919.)

1. MASTER AND SERVANT ⬥⟾330(1)—INJURY TO THIRD PERSON — ACTION — BURDEN OF PROOF.

In action against automobile dealers for death of one killed by their demonstrator, the burden of proof was upon plaintiff to show the demonstrator was acting with in the scope of his employment when the accident occurred.

2. MASTER AND SERVANT ⬥⟾302(6) — INJURY TO THIRD PERSON — DEMONSTRATOR OF AUTOMOBILE.

Although automobile dealers allowed their demonstrator to use demonstration car for his own enjoyment, they would not be liable for injury done by him while so driving the car; he not being in the master's business in such driving any more than any one who might hire or borrow the car.

3. MASTER AND SERVANT ⬥⟾302(6) — INJURY TO THIRD PERSON—RETURNING TO GARAGE.

Automobile dealers having allowed their demonstrator to take out demonstration car for his own enjoyment, they would not be liable for accident occurring to third person while demonstrator was returning the car to the garage; for the fact that it was demonstrator's duty to return the car after such use would not make his acts in doing so acts within his employers' service, but the return would be but an incident to the use.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by D. C. Walker and another against A. J. Van Cleave, B. F. Walling, and another. From judgments for plaintiff, the named defendants appeal. Reversed and rendered as to named defendants, and affirmed as to the other defendant.

Martin & Oneal, of Wichita Falls, for appellants.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellees.

BOYCE, J. Appellees, D. C. Walker and wife, recovered damages in the court below against A. J. Van Cleave, B. F. Walling, and Alex Hirsch for the negligent killing of their minor son, the result of being run over by an automobile driven by the said Alex Hirsch. The automobile being driven by Alex Hirsch at the time belonged to the defendants Van Cleave and Walling, and the recovery against said two last named defendants was on the theory that the said Alex Hirsch was at the time of the accident in the employment and engaged in the business of the said defendants.

The defendants Van Cleave and Walling only appeal, and one of the principal questions on the appeal is as to whether the evidence is sufficient to show that the said Hirsch was at the time of the accident engaged in the business of the two appellants, so as to make them liable for his negligence. The evidence shows that the appellants Van Cleave and Walling were partners engaged in the sale of automobiles in the city of Wichita Falls, where they maintained a shop or salesroom. Alex Hirsch was employed by them as salesman and bookkeeper. Walling was the manager of the business; Van Cleave living in another town and being at the place of business only occasionally. During the absence of his employers, Hirsch had charge of the business. His duties were to keep the books and sell cars, and, as a part of this latter duty, to "demonstrate" them to

---

prospective purchasers. He also at times drove the car which they used as a demonstrator on the streets of the city for the purpose of showing off its appearance and performance. He also at times took the demonstration car out and drove it for his own pleasure, taking his wife riding on some of these occasions. The only witnesses as to his authority to so use the automobile for his own private pleasure were the three defendants, and, while they testify that he had no right to so use it and had been "jacked up" for doing so, the jury would have perhaps been warranted in finding that he used the automobile occasionally for his own pleasure with the tacit consent of his employers. On the evening of the accident the defendant Hirsch closed up the salesroom, defendant Walling having already left, at the close of business hours for the day, and took the automobile out, going to his home for the purpose, so he testifies, of taking his wife riding. His wife had been taken sick in the afternoon, and his aunt, with whom they were living, suggested that she ought to have some medicine, and, according to the testimony of the said Hirsch, he started to town without eating his supper, for the purpose of getting the medicine, intending to leave the automobile at the salesroom, where it was his duty to return it whenever it was used, and after getting the medicine to go back home on the street car. It was as he was on his way to town that the accident occurred. It was about dusk in the evening.

[1-3] The liability of the master in cases of this kind is to be determined by the application of the general principles of the law of master and servant. In such cases the burden is upon the plaintiff seeking to hold the master for an injury inflicted by the servant to "show that the servant did the wrong while acting within the scope of his employment," and the act (of driving the automobile in this instance) "must be done in furtherance of the master's business and for the accomplishment of the object for which the servant is employed." I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Hill v. Staats, 189 S. W. 85. The evidence is insufficient, we think, to warrant the finding that Hirsch took the automobile out that evening for the purpose of demonstration on the streets, or to a prospective purchaser; it merely suggests a possibility that this may have been true and is not sufficiently tangible to form the basis of a verdict. Joske v. Irvine,

91 Tex. 574, 44 S. W. 1062, 1063, particularly as such suggestion is contradicted by the positive testimony as to his real purpose in such matter. Starkey v. Wooten Grocery Co., 143 S. W. 693; Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788. If the evidence is sufficient to warrant the conclusion that the defendant Hirsch was allowed to use the automobile for his own enjoyment, and that he took it out on this evening for such purpose, with the consent of his employers, nevertheless there would not be any liability on their part for an injury done by him while driving the automobile under these circumstances. Doran v. Tomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1061–1063; Reilly v. Connable, 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656; Berry's Law of Automobiles, §§ 138–140. The servant while using the automobile under such circumstances, is no more engaged in the business of the employer than one who might borrow or hire it. Liability, if any, in such case for injury inflicted by such person in using the automobile would depend on an entirely different principle, whether there was any negligence in intrusting to such person an instrument capable of becoming a dangerous agency, if not properly handled. No such question is presented by the pleading and evidence in this case. It is argued by appellee, and this is probably the theory on which the jury proceeded in reaching the verdict, that even if the defendant Hirsch did take the automobile out for his own purposes, yet it was his duty to take it back and put it in the salesroom after such use and his acts in so doing would be in the service of his employers. This is a too narrow view of the act. The return of the automobile was an incident to its use, and if the use was for the benefit of the employé, and not in the service of the master, the entire transaction is to be regarded as for his own benefit. Hill v. Staats, 189 S. W. 85.

We are of the opinion, therefore, that appellant's request for a peremptory instruction should have been given, and, as the case seems to have been fully developed, we will here reverse and render judgment in their favor, affirming it as to the defendant Hirsch.

This disposition of the case makes it unnecessary to consider the other assignments presented.