## CITY SERVICE CO. v. BROWN et ux. (No. 1232.)

(Court of Civil Appeals of Texas. El Paso. May 12, 1921. Rehearing Denied June 2, 1921.)

1. **Master and servant** ⟷330(1)—**Burden is on person injured to show servant acted within scope of employment.**

The burden is on plaintiff, seeking to hold the master for an injury inflicted by the servant, to show that the servant did the wrong while acting within the scope of his employment, and the act must be done in furtherance of the master's business and for the accomplishment of the object for which the servant was employed.

2. **Master and servant** ⟷330(1)—**Automobile driver presumed acting within scope of employment.**

Evidence that defendant owned the car causing injury, that the driver was in its employment, that after the accident the driver

telephoned the employer about the occurrence, and that it sent a physician, *held* to raise the presumption that the driver was acting in the employer's business, in the absence of affirmative proof to the contrary.

**3. Master and servant ⬤═330(3)—Evidence insufficient to show driver of automobile acted within scope of employment.**

In an action for personal injuries through being struck by defendant's automobile operated by its driver, evidence as to whether the driver was acting within the scope of his employment *held* insufficient to support a verdict for plaintiffs.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by F. O. Brown and wife against the City Service Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Beall, Kemp & Nagle and H. Potash, all of El Paso, for appellant.

Joseph McGill, of El Paso, for appellees.

HARPER, C. J. Appellees, F. O. Brown and Sarah Brown, sued appellant, City Service Company, in the district court of El Paso county, Tex., for personal injuries alleged to have been sustained by them on the evening of the 8th of July, 1920, at about half past 10 o'clock. Appellees alleged that while they were standing at a point on Alameda avenue, in the city of El Paso, Tex., waiting to board a street car they (appellees) were struck by an automobile owned by appellant and were knocked down and injured; that the said automobile was being operated by one of appellant's employees in a negligent, careless, and reckless manner.

Appellant, defendant in the court below, answered by general demurrer, general denial and denial that if plaintiffs were injured they were injured by an automobile operated by the City Service Company, or by any employee of the defendant acting within the scope of his authority or upon the defendant's business, and averred that if plaintiffs were struck by the said automobile the driver of said automobile was not engaged in any service for the defendant. The case was submitted to the jury on special issues.

[1] The appellant has raised but one question, i. e., that the evidence is not sufficient to support the verdict; the jury having found that the appellees were injured by being knocked down by an automobile negligently driven by an employee of appellant at the time acting within the scope of his employment. The evidence upon every question except the latter is unquestionably sufficient, so the only question for our determination is: Is there any evidence of probative value to support the finding that the driver of the car

was acting for the appellant and within the scope of his authority, or was he engaged in the business of the defendant, so as to make it liable for his negligence? In the case of Van Cleave v. Walker, 210 S. W. 767, it is said:

"The liability of the master in cases of this kind is to be determined by the application of the general principles of the law of master and servant. In such cases the burden is upon the plaintiff seeking to hold the master for an injury inflicted by the servant to 'show that the servant did the wrong while acting within the scope of his employment,' and the act (of driving the automobile in this instance) 'must be done in furtherance of the master's business and for the accomplishment of the object for which the servant is employed.'" I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902.

There is an expression seemingly in conflict with this ho'ding in the case of Studebaker B. 'Co. v. Kitts, 152 S. W. 464, as to where the burden of proof lies, cited by appellees, but it is not supported by any Texas case.

[2] Appellee insists that the following facts and circumstances show a prima facie case for appellee. Appellant owned the car. The driver was at the time of the accident in its employment; that soon after the accident, after the appellees had been taken into a nearby house, the driver of the car telephoned the company about the occurrence and that it sent out a physician, and that physicians at the instance of appellant attended to the injuries several times later. We think these matters sufficient to raise the presumption that the driver was acting in the master's business, in the absence of affirmative proof to the contrary; but presumptions are not evidence (1 Jones on Evidence, § 9), and they "disappear when confronted with facts in the form of unimpeached positive evidence." Paxton v. Boyce, 1 Tex. 317; Moore v. Supreme Assembly, 42 Tex. Civ. App. 366, 93 S. W. 1077; Largen v. State, 76 Tex. 323, 13 S. W. 161.

The driver of the car testified:

"That none of the officials of the City Service Company knew that he had taken the car from the garage; that he simply cranked it up and went out at the side door; and that, the office being in the front, no one saw him. I was driving the car on my own hook." That he was on an errand of his own, and not performing any service for the defendant company; that he was not checked out and for that reason no record was kept of the car; that he picked up a passenger down town, whose name he refused to divulge, and that she was in the car when the accident occurred.

The manager of the defendant company testified that his company owned the car, and that the driver was in its employ. Witness further testified as to the manner in which

the business is conducted in the garage on West San Antonio street; that when a call comes into the garage for an automobile the chauffeurs are called to the desk and that the deskman assigns a chauffeur to a particular call; that a proper record is made of the hour at which the call comes in, of the time when the chauffeur departs, and the place to which the automobile is directed; and a record is also kept of the amount of money collected by the chauffeur and the hour at which he returns to the garage.

Witness further testified in detail as to the manner in which a record is kept as to the movement of all cars and chauffeurs; that it is impossible to keep chauffeurs from having free access to the entire garage; that no chauffeur is permitted, nor was permitted at that time, to take a car out except under orders of the deskman or superintendent in charge of the business; that it was possible for a chauffeur to get into the garage, crank up a car, and go out one of the other doors without the knowledge of the manager or of the officers immediately in charge of the business.

Witness further testified that he was present himself on the night in question at the desk and that he had no knowledge of the chauffeur Greathouse going out on the night in question. Witness further testified that the chauffeur Greathouse was not checked out on the night in question and no record of his leaving the garage on any business of the company or on any service to be performed for the company were made.

[3] In the face of these undisputed facts, the circumstances relied on by appellees are not sufficiently tangible to form the basis of a verdict. Van Cleave v. Walker, 210 S. W. 767; Christensen v. Christiansen, 155 S. W. 995.

The cause is therefore reversed and rendered.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes