### BROWN et al. v. CITY SERVICE CO.
#### (No. 326–3678.)

(Commission of Appeals of Texas, Section B. Dec. 6, 1922.)

1. **Appeal and error** ⬤⟞1082(2)—**Supreme Court may look to transcript as to facts not passed upon by Court of Civil Appeals.**

On error the Supreme Court may look to the transcript as to any facts not passed upon by the Court of Civil Appeals.

2. **Master and servant** ⬤⟞330(3)—**Finding chauffeur was within employment sustained.**

In an action for injuries to plaintiffs, struck by defendant's automobile at night, between 10 and 11 o'clock, where it appeared that defendant's chauffeur driving the car had picked up a woman passenger who was with him on the front seat at the time of the injury, but whose name he refused to disclose, evidence *held* a sufficient probative force to sustain a finding that the chauffeur at the time of the injury was acting within the scope of his employment.

3. **Master and servant** ⬤⟞330(1)—**Burden on plaintiffs to show defendant's driver was within scope of employment.**

Where plaintiffs were struck by defendant's automobile, the burden of proof was on plaintiffs to show that the driver of the automobile did the wrong while acting within the scope of his employment.

4. **Appeal and error** ⬤⟞1122(2)—**New trial** ⬤⟞ **65—No statutory authority given to trial court or Court of Civil Appeals to substitute its own findings for the verdict of the jury.**

Neither Const. art. 5, § 6, providing that the decisions of the Court of Civil Appeals shall be conclusive on all questions of fact brought before them on appeal or error, nor Rev. St. 1911, art. 1590, prescribing that the judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts, nor Const. art. 1, § 15, guaranteeing the right of trial by jury, of which Rev. St. 1911, art. 5173, is but a legislative recognition, gives to the trial court or to the Court of Civil Appeals authority to set aside the verdict of the jury and to substitute its own findings instead of findings of the jury, and to render judgment according to its own findings.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by F. O. Brown and others against the City Service Company. Judgment for plaintiffs was reversed by the Court of Civil Appeals, and judgment rendered for defendant (231 S. W. 140), and plaintiffs bring error. Reversed and remanded for new trial

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(245 S.W.)

as recommended by the Commission of Appeals.

Nealon & McGill, of El Paso, for plaintiffs in error.

Beall, Kemp & Nagle and Harold Potash, all of El Paso, for defendant in error.

HAMILTON, J. Plaintiffs in error, F. O. Brown and Sarah Brown, brought this suit against City Service Company of El Paso to recover damages for personal injuries alleged to have been inflicted upon them by one of defendant in error's service cars alleged to have been negligently driven by its chauffeur at a time when he was acting within the scope of his employment. Defendant in error answered by general demurrer, general denial, and by the plea that, if plaintiffs in error were struck and injured by its automobile, the driver thereof, at the time, was not engaged in any service for the defendant in error and was not acting within the scope of his employment. The court submitted the case to the jury upon special issues. The jury answered against the contentions of defendant in error.

One question only was presented to and considered by the Court of Civil Appeals viz.: Is there any evidence of probative value to support the finding that the driver of the car was acting for the appellant and within the scope of his authority, or was he engaged in the business of the defendant, so as to make it liable for his negligence? It decided that the circumstances relied on by appellees, plaintiffs in error here, were not sufficiently tangible to form the basis of a verdict. Hence that court not only reversed the judgment of the district court, but rendered judgment for defendant in error. 231 S. W. 140.

[1] The case will be considered in the light of the findings of fact by the Court of Civil Appeals with what additional light may be gathered from other facts in the record not found by the Court of Civil Appeals. The Supreme Court may look to the transcript as to any facts not passed upon by that court. Clarendon Land & Inv. Agency Co. v. McClelland Bros., 86 Tex. 188, 23 S. W. 576, 1100, 22 L. R. A. 105.

The rule for testing the probative force of the evidence announced by the court, through Chief Justice Brown, in the case of Wininger v. Railway, 105 Tex. 56, 143 S. W. 1150, is as follows:

"If, discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff," then there is evidence to support its verdict.

The jury found that the automobile that injured plaintiffs in error was being driven, at the time of the injury, by an employé of the defendant in error, acting within the scope of his employment.

The evidence favorable to plaintiffs in error, discarding all that which is adverse, as set out in their application for writ of error, is as follows:

"F. O. Brown testified that the accident occurred at about 10:30 o'clock at night. Sarah Brown testified that the automobile ran into them between 10 and 11 o'clock on the night of July 8th; that she and her husband were taken home by the man who struck them; that she had medical attention that night; that the City Service Company sent a doctor out and another man; that the man who took her and her husband home rang the City Service Company.

"Andrew Golightly, a witness for plaintiffs in error, testified that the chauffeur who drove the offending car, on arriving at the house where he had taken plaintiffs in error, asked for the telephone and called 3500 (defendant in error's telephone number), and two managers of the City Service Company came with the doctor to his (witness') home that night and stayed outside the door.

"H. D. Camp, called as a witness by plaintiffs in error, testified that the telephone number of defendant in error is 3500.

"Pearle Preston, a witness for plaintiffs in error, testified by deposition that when the car ran against plaintiffs in error there was a woman on the back seat.

"L. J. Greathouse, a witness for defendant in error, testified by deposition that on October 7, 1920, he was in the employ of defendant in error, and was employed by it on the night of July 8, 1920; that he was a chauffeur driving a car for defendant in error on July 8, 1920; that he drove the car which plaintiffs in error claim struck them. On cross-examination he testified that 'There was a passenger in the automobile at the time plaintiffs claim it struck them. The passenger was in the front seat. I won't tell the name of the passenger. The wind was blowing hard, and she was in the front seat with me. I picked the passenger up down town. It is a fact that immediately after the accident I telephoned to the office of the City Service Company, advising them of the accident and requesting them to send a physician to give medical attention to the injured. After the accident the passenger got out. I did not see her any more. I reported back to the City Service Company about 11 o'clock.' He testified that he did not know how long he intended to remain in El Paso; that he had not stated that he was going to leave El Paso.

"Maury Kemp, attorney for defendant in error, testified that Greathouse told him before his deposition was taken that he had an application in with the Southern Pacific Company at Tucson, Ariz., and with the Santa Fé, and that he had trouble in keeping Greathouse here during the transcribing of his deposition.

"H. D. Camp, called as a witness for defendant in error, testified that he was a manager and stockholder of defendant in error; that defendant in error's chauffeurs pick up passengers on the street without a call coming to the office and are expected to report them; that the chauffeur, Greathouse, was an

ex-railroad man who was floating through the country, and that the passenger whom he had in the car was the wife of an army captain at Ft. Bliss; that he was not at the office of defendant in error when the accident occurred, if it occurred at 10 or 10:30, and that, as far as he knew, when he went home that night, Greathouse was in the garage; that he made no investigation in reference to what Greathouse was doing with that car.

"Dr. R. L. Ramey, a witness for defendant in error, testified that he visited F. O. Brown at the instance of the City Service Company, and that his nephew, Dr. Varner, saw his wife."

[2] We think this evidence is of sufficient probative force to sustain the verdict of the jury in its finding that the chauffeur, at the time of the injury, was acting within the scope of his employment. Giving the most favorable effect to this evidence, as the jury is authorized by law to do, we do not think the .contention that its verdict on that matter is without support and that it is shown by undisputed evidence that the driver of the car was not acting within the scope of his employment can be sustained. There was evidence from which the jury might have concluded that he was not so acting. That evidence is shown in the opinion of the Court of Civil Appeals in this case cited supra. It was within the province of the jury to discredit the testimony favorable to defendant in error on that issue. The jury had the right and the duty of passing on the weight of the evidence.

[3] The Court of Civil Appeals held that the burden of proof was upon the plaintiffs to show that the driver of the automobile did the wrong while acting within the scope of his employment, and complaint of' that holding is made here. The holding of the Court of Civil Appeals on that phase of the case is correct. That the driver of the automobile was acting within the scope of his employment at the time of the injury was an element of plaintiffs' cause of action necessary to their recovery. The burden of proof rests on the party affirming a fact in support of his cause. We think the testimony above quoted is sufficient to sustain that burden unless overthrown by defendant's testimony. Whether testimony in behalf of defendant is sufficient to overthrow that in behalf of plaintiffs on that issue was a matter within the province of the jury to determine, since there was evidence to support plaintiffs' contention thereon, subject, however, to the judgment of the Court of Civil Appeals on the question and effect of the preponderance of the evidence.

Section 6, art. 5, of the Constitution, concerning Courts of Civil Appeals, provides that "the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error." Article 1590, Rev. Civ. Stat. 1911, prescribing that "the judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts of the case," is but a legislative recognition of the constitutional provision above quoted, "The right of trial by jury shall remain inviolate." Const. art. 1, § 15. Article 5173 of our statutes is only a legislative recognition of that fundamental rule. It is the province of the jury to determine questions of fact. It is within the power of the trial judge to set aside the finding and to order a new trial. If, in the judgment of the trial court, the finding should not be set aside, but upon appeal the Court of Civil Appeals concludes that there is such a preponderance of contrary evidence that the findings should be set aside, it may do so, and remand the case for a new trial under the constitutional and statutory provisions above quoted.

[4] But nowhere is authority given to the trial court or to the Court of Civil Appeals in such cases to set aside the verdict of the jury and substitute its own findings instead of the finding of the jury and render judgment according to its own findings. Interpreting the language of the Court of Civil Appeals, "In the face of these undisputed facts, the circumstances relied on by appellees are not sufficiently tangible to form the basis of a verdict," to hold, not that there was no evidence to support the verdict of the jury, but that there was such a preponderance of the evidence against the verdict that the judgment of the trial court should not be allowed to stand, we recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that the cause be remanded to the district court for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.