## HOMAN et al. v. BORMAN.   (No. 12151.)

Court of Civil Appeals of Texas. Fort Worth.
May 18, 1929.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

CONNER, C. J. This suit in its final form is one that was prosecuted by appellee Ann Louise Borman against the Northern Texas Traction Company, George Pemberton, and

John Homan for the recovery of damages for personal injuries received in an automobile collision in the city of Fort Worth. The plaintiff alleged, in substance, that on January 5, 1926, about 7 o'clock p. m. she was standing at a regular car stop sign on Summit avenue and a few feet north of the north boundary line of Pennsylvania avenue, and therefore near the intersection of those two streets. Pennsylvania avenue extends east and west, and Summit avenue extends north and south. Plaintiff alleged that, as she was standing at the street car stop, as stated, she saw a street car approaching going in the desired direction, and she stepped out into the street opposite the stop for the purpose of getting on the street car; that the street car slowed up as it approached, coming almost to a stop immediately opposite her, and that, believing the car was about to stop, she took a position in the street immediately adjacent thereto for the purpose of getting on the car; that the car, after having slowed down, renewed its speed about the time it should have come to a full stop, leaving her standing in the street, and that immediately or shortly thereafter, and while she was still standing in the street, she was struck by an automobile driven by the defendant George Pemberton, going north, in the same direction that the street car had gone; that she was knocked to the ground and sustained various injuries as specified in the petition.

The plaintiff alleged that the traction company was operating its car in an unusual and hazardous manner so as to mislead and confuse the plaintiff; that it negligently and improperly failed to stop the street car to permit the plaintiff to get on the same in violation of certain provisions of the Traffic Code of the city of Fort Worth, which provides, among other things, that street cars shall, on signal, stop at street intersections and at designated and marked stops for the purpose of taking on or discharging passengers; that the operator of the street car in question was negligent in misleading the plaintiff and causing her to believe that the car would stop and permit her to board the same, and having so misled her, said operator was negligent in failing to stop and permit plaintiff to board said street car, leaving her standing in the street, which was known to said defendant to carry heavy traffic, at a place where she would likely be struck by passing automobiles; that the operator of the street car was negligent in not giving the plaintiff some signal indicating to her that his car would not stop, after it became apparent to him that it was plaintiff's intention to board said car; that the operator of the car was negligent in failing to permit plaintiff to get on and in failing to exercise proper care to observe that an automobile or automobiles were following behind said street car and in failing to keep a proper lookout for the safety of the plaintiff under those circumstances; also that the operator of said street car was negligent in that his conduct misled and confused George Pemberton, the driver of the automobile, in causing him to think that the road was clear and that no passengers at that point were getting on or off the street car.

Plaintiff further alleged that the defendant George Pemberton was the servant, agent, and employee of the defendant John Homan, who, as disclosed by the evidence, was doing business under the trade-name of Homan Auto Company; that Pemberton had been employed by Homan to go for and return with an automobile at the time situated in Shreveport, La., and at the time of the accident Pemberton was in the act of delivering the automobile to Homan and was acting in the course of his employment and within the scope of his agency. It was alleged that Pemberton at the time was negligent in failing to keep a proper lookout for the plaintiff and for persons in the street; that he was driving at an excessive and illegal rate of speed in violation of the provisions of the state statutes and of the ordinances of the city of Fort Worth; that his speed was so great that he was unable to stop his automobile on discovering plaintiff, and failed to exercise ordinary care to keep his automobile under control; that he failed to sound any horn or give any signal of his approach, and that, after he discovered plaintiff's perilous position, he failed to use the means at hand to stop the automobile.

The defendant Pemberton failed to answer. Defendant John Homan answered, among other things, by a general denial, a special denial that he was the owner of the automobile alleged to have been driven by the defendant George Pemberton or that George Pemberton was driving the car with Homan's knowledge or consent; that the plaintiff was guilty of contributory negligence which would preclude her recovery, in that she walked out into Summit avenue at a point somewhat north of the intersection of that street with Pennsylvania avenue and not at a street intersection and without keeping any lookout for passing automobiles, and, after having walked out into the street, remained standing there, wholly in disregard of her own safety and without regard for the approach of automobiles. Homan further answered that, if the plaintiff was injured by reason of the negligence of any one, it was not occasioned by any negligence of him, but by that of the defendant traction company, and that the several acts of negligence charged to the traction company by the plaintiff in her petition were the sole proximate causes of such injuries, if any, as the plaintiff sustained.

The defendant traction company answered by general demurrer and numerous special exceptions, general denial, various special denials of the matters pleaded by the plaintiff, contributory negligence on the part of the plaintiff, and specially that, if there was any negligence on the part of the operator of the street car, such negligence was not the proximate cause of plaintiff's injuries, but that such injuries, if any, were proximately caused by her being struck by an automobile, which was an independent intervening cause between the alleged negligent acts of the operator of the street car and the injuries.

In response to a special instruction requested, the court instructed the jury peremptorily to find in favor of the traction company, which the jury accordingly did.

The jury found that Pemberton was negligent in not sounding a warning as he drove the automobile around the corner just immediately preceding the collision with plaintiff; that he was not keeping such a lookout for pedestrians as a person of ordinary prudence would have kept as he rounded the corner and approached the place where plaintiff was struck; that he did not have his automobile under such control as a person of ordinary prudence would have had; and that these several acts of negligence on the part of Pemberton were proximate causes of the automobile striking plaintiff. The jury further found that the plaintiff was not guilty of the acts of contributory negligence submitted, and assessed plaintiff's damages in the sum of $10,000.

Upon a return of the verdict, judgment was entered in favor of plaintiff against George Pemberton and John Homan, jointly and severally, in the sum of $10,000, and in favor of the traction company.

No appeal has been prosecuted from the judgment so rendered against defendant Pemberton, nor has any appeal been prosecuted from the judgment in favor of the traction company, so that neither of these parties are before us. The defendant Homan, however, has duly prosecuted this appeal, and assigns the errors we shall hereinafter discuss.

In a general way and in substance so far as may be necessary to an understanding of the questions raised and the conclusions reached, the evidence shows that John Homan, doing business as the Homan Auto Company, hereinafter referred to as Homan, was doing business on Throckmorton street in the city of Fort Worth as an automobile dealer. He had sold a car to a person in Shreveport, La., who had died and failed to pay the amount due upon the purchase price to secure which Homan had a lien on the car. Mack Neal was the bookkeeper for the Homan Auto Company and employed Pemberton to go to Shreveport and bring the car to Fort

Worth and deliver it to Homan. The authority of Neal to so employ Pemberton for the purpose stated is not questioned. No specific instructions were given to Pemberton as to the time or manner in which he should execute the commission. He testified, among other things, that:

"I understand that when I got back to Fort Worth with it I should deliver it to Homan's people—I didn't understand I should just make a bee line for Homan Auto Company. I don't think that was the place where it was to be delivered. I should say I could deliver it to Neal any place he could be or Homan Auto Company either. I didn't particularly think about that."

Pemberton proceeded to Shreveport, obtained the car, and on his return arrived in Fort Worth some time in the forenoon, first stopping at the First National Bank building, some two or three blocks from Homan's place of business. He then made several trips in the car about town, one to the east and one to the west, and finally drove the car to his home on Eighth avenue to get his dinner, after which he got in the car for the purpose and with the intent of driving it to the home of Mr. Neal and there delivering the car to him. Eighth avenue, upon which Pemberton was living and where he took his dinner, extends north and south, the north end of the avenue running into the west end of Pennsylvania avenue, which, as before stated, extends east and west. At the same time Pemberton was driving the car north on Eighth avenue and east on Pennsylvania, about 7 o'clock p. m. and dark, the street car in question was being operated north, and Pemberton was driving behind it. He testified that, as the car turned north on Summit avenue, he heard no gong or signal indicating that the car was to stop. His view was obstructed somewhat by the car making the turn, and in following it he came around and struck the plaintiff while she was standing on the east side of the street. The findings of the jury that both the driver of the street car and Pemberton were negligent in the particulars alleged in plaintiff's petition are not questioned, and we will not detail the particular circumstances upon which the question of negligence as to those parties depends. We think it sufficient to say that upon the conclusion of the evidence the defendant Homan, appellant here, requested the court to give a peremptory instruction in his favor; the contention being that the evidence without dispute showed that at the time Pemberton struck the plaintiff he was not engaged in appellant's services. The court refused the peremptory instruction. Thereupon appellant requested three special instructions seeking to invoke a finding from the jury as to whether or not at the time of the collision Pemberton was engaged in the

service of his employer, Homan. Those special instructions were also refused.

Appellant further assigns error to the court's refusal to give a special instruction for a finding on whether or not the negligence of the operator of the street car, if any, was the sole cause of the collision and injury. Numerous authorities have been cited and considered, and we have had some difficulty in determining the question of whether the court should have been given the peremptory instruction in appellant's favor as requested. The authorities are to the effect that the burden of proof is upon plaintiff complaining of the injuries inflicted by the negligence of an employee to show that the employee at the time was acting for his master and within the scope of his employment. We have examined a number of cases in which it has been held that the servant was not so acting and where the finding and judgment should have been for the master, such as Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; Trachtenberg v. Castillo (Tex. Civ. App.) 257 S. W. 657; Gordon v. Texas & P. Mercantile & Mfg. Co. (Tex. Civ. App.) 190 S. W. 748; Brown v. City Service Co. (Tex. Com. App.) 245 S. W. 656; Symington v. Sipes, 121 Md. 313, 88 A. 134, 47 L. R. A. (N. S.) 662, by the Maryland Supreme Court; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039. We will not extend our opinion by a review of each of the cases cited, inasmuch as their tenor and effect may be readily seen by reference thereto. The case of Hill v. Staats, however, which was by this court, is especially stressed in behalf of appellant. In that case Hill sued for injuries alleged to have been caused by Staats' automobile, while being driven by the latter's servant, running into a wagon in which plaintiff was riding on East Front street in the city of Fort Worth. The evidence was to the effect that Staats' wife and children desired to attend a circus being held in the eastern part of the city near East Front street; that Staats instructed his chauffeur, the driver of the car, to drive them to the circus and not to leave the place where Mrs. Staats and children would alight from the automobile to enter the circus until Mrs. Staats was ready to return home, and not to move the car from said position during the interval, said driver being specifically and emphatically told not to use said automobile for his own pleasure or purpose in any way or manner whatsoever. The facts further showed that the chauffeur, after having delivered Mrs. Staats and children at the circus, contrary to his instructions, drove the car back into the city on a mission of his own, and later returned to the circus grounds, negligently colliding with the wagon in which the plaintiff was traveling. This court held that Staats was not liable and that the court properly gave the instructions in his favor, on the theory that at the time of the accident the chauffeur was using the car for his own individual purposes and not in the execution of services for which he had been employed. We think, however, that the Staats Case, and perhaps others of those cited above, may be distinguished from the present case. It is held that, where an owner commits the use and control of his automobile to an employee, the presumption, in the absence of evidence tending to show otherwise, is that the servant is engaged in the business of the master. Trachtenberg v. Castillo (Tex. Civ. App.) 257 S. W. 657; Gordon v. Texas & P. M. & Mfg. Co. (Tex. Civ. App.) 190 S. W. 748; Berry on Automobiles, § 613, p. 690, and section 615, p. 691.

Upon the undisputed evidence, therefore, that the car in question was delivered into the possession of Pemberton pursuant to appellant's authorized direction and for his uses and purposes, and that while in Pemberton's possession and while operated by him he negligently ran against appellee and injured her, a prima facie case is made in plaintiff's favor, and the burden then devolved upon defendant to offer evidence in rebuttal of the prima facie case. This defendant attempted to do by the testimony of Pemberton, thus leaving the question for the determination of the jury upon a preponderance of the evidence. No other witness gave testimony tending to show a material departure on Pemberton's part from instructions originally given him or that at the time of plaintiff's injury he was operating the car exclusively in fulfillment of his individual purposes. It is to be borne in mind that Pemberton was sued together with others as a defendant with a claim against him for damages in a large amount and thus highly interested. The jury would have a right to consider such interest in weighing Pemberton's testimony, as well as any natural tendency that Pemberton might exhibit to exculpate himself or relieve Homan. In the Staats Case, the chauffeur departed wholly from his instructions and devoted the use of the car to his own use entirely, and his return to the circus grounds was but a continuation or fulfillment of his purposes in using the car. During his return he was not in performance of the duties expressly enjoined upon him. It was necessary that he return to the circus grounds in order to resume and again take up his duties of performance. In the case before us, as already stated, there was evidence tending to show that Pemberton was not limited by instructions, and the mere fact that during the period of his employment he may have deviated or departed from his duty for the time being does not necessarily relieve the master of liability, and we do not feel able to say, as a matter of law, that, when Pemberton got into the car after his dinner with the intent of completing the purpose for which he was employed by delivering the

442

car to Neal, he was acting exclusively in his own interest and only in fulfillment of his own individual private purposes.

In Missouri, K. & T. Ry. Co. v. Edwards (Tex. Civ. App.) 67 S. W. 891, it appears that a brakeman left his place of duty and went to a saloon and restaurant for his own purposes, and in an effort to hurriedly return and board an outgoing train, ran against and injured the plaintiff. It was said by Judge Stephens, of this court, that while the brakeman "may not have been on his master's business in stepping aside to the saloon or restaurant, we think it must be held that he was when he ran over appellee in the effort to resume his accustomed place of service."

■ In concluding this phase of the case, we add that while we feel unable to say as a matter of law that the court committed error under all the circumstances in refusing appellant's peremptory instruction to find in his favor, we have concluded that the circumstances are such that appellant was entitled to have submitted to the jury the issue of whether or not Pemberton was at the time of plaintiff's injury in the performance of services for his master. In relation to this, appellant requested three special issues. The first was whether Pemberton after his return to Forth Worth used the car in connection with his own personal affairs and conveniences. The second was whether the fact that Pemberton, in driving the car at the time and place of the accident, was a result of his having used same in connection with his own affairs and convenience. The third was whether Pemberton, in using said car for the purpose of going to his home, and returning therewith, acted within the scope of his employment by the defendant. These charges were refused, and the record does not disclose the ground upon which the court refused them. Issue No. 1 may be said to have been unnecessary, inasmuch as it was undisputed in the evidence that Pemberton used the car in connection with his own personal affairs after his return to Fort Worth. But we think appellant had the right to have the jury determine whether or not at the particular time of the collision Pemberton was driving the automobile as a mere incident of his personal use, or whether he was acting at least in part within the scope of his employment, and, if the charges were not in form strictly accurate, they were at least sufficient to call the court's attention to his duty to submit proper issues relating to the subject, and there was error in the court's failure to do so.

■ There is yet another question presented by the assignments that we think must be resolved in appellant's favor. Appellant requested charges for findings upon whether the street car motorman was negligent as plaintiff alleged, and in the same connection further requested the submission of the issue of whether or not such negligence was the sole proximate cause of plaintiff's injury. The court in fact submitted the issues of negligence alleged against the driver of the street car, but refused to submit the requested issue of whether such negligence was the proximate cause of plaintiff's injury, and it now seems to be settled that, in accord with the rule in the McGlamory Case, 89 Tex. 635, 35 S. W. 1058, where two joint tort-feasors are charged with and have been found guilty of negligence contributing to the injury, either defendant, if justified by any evidence, is entitled to have a finding of whether the negligence of one of the tort-feasors instead of the other constituted the sole cause of the wrong charged. See Northern T. T. Co. v. Woodall (Tex. Civ. App.) 294 S. W. 873; Id. (Tex. Com. App.) 299 S. W. 220; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276, reversing this court on this point in the same case as reported in 297 S. W. 244. We see no way to distinguish the case now before us from those just cited, and conclude that, under the evidence and authorities last cited, it must be held that the court committed reversible error in refusing the charge.

For the errors indicated, the judgment as against appellant, Homan, must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The judgment in favor of appellee against the defendant Pemberton and the judgment in favor of the Northern Texas Traction Company are both left undisturbed, our jurisdiction as to these parties not having been invoked and the cause of action being severable. See Missouri, K. & T. Ry. Co. v. Enos, 92 Tex. 577, 50 S. W. 928.