## BARTON et al. v. J. M. RADFORD GROCERY CO.

### No. 13200.

Court of Civil Appeals of Texas. Fort Worth.

June 21, 1935.

Rehearing Denied Sept. 6, 1935.

R. T. Thornton and Levy & Evans, all of Fort Worth, for appellants.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellants are the survivors, under article 4671, R. S., of Mrs. Barton, who, while riding on the running board of her husband's car, was killed in a collision with a car driven by one Lacey. Lacey, a salesman for appellee with an expense account to cover use of his car while in appellee's service, had attended a sales meeting at Wichita Falls, by order of appellee. The meeting adjourned at 5 o'clock p. m. Lacey did not return at once to his home at Graham, which was also the center of his sales territory. He went to a hotel in Wichita Falls and from there to a roadhouse "at the lake," from which he departed at about 9:30 p. m. This accident occurred about 11:30 p. m. or 12 o'clock on the Wichita Falls-Graham highway.

The jury resolved all submitted issues in favor of plaintiffs, and the court entered judgment for the defendant non obstante veredicto.

Laying aside the question of whether or not the riding by Mrs. Barton on the running board was negligence and contributed to the accident in which no one else in the Barton car was hurt, we believe the judgment must be sustained for lack of evidence that the servant was in the scope of his employment. Had Lacey continued in the master's service, at the adjournment of the meeting, he would have concluded that mission and been at home by 8 o'clock. He turned aside in his own car to enjoy an evening of relaxation and other amusement at the lake roadhouse. The day turns to night, and long after the hours which his employment by the master contemplated he should be traveling the highway, he starts on his homeward journey. In the course of his journey from the roadhouse he reaches the highway which he would have traveled returning from his master's business in the daylight except for his excursion for his personal enjoyment. Proceeding along that highway about midnight, is he consummating the master's errand? We think not. True, he is on the same highway, but there because it leads to his home. Did his employment require him to travel that midnight hour? It answers itself. The next day would be Sunday, a day of rest.

This is not in conflict with those cases which uphold liability by the master for those torts committed by a servant returning in the performance of the master's business. Likewise, we are not to be understood as saying that any turning aside from the master's business in returning prevents the resumption of the master's business in the return. Homan v. Borman (Tex. Civ. App.) 19 S.W.(2d) 438. But we think it imposes liabilities upon the master which are entirely unreasonable to hold that he is responsible for conditions wholly created by the servant in the latter's pursuit of personal pleasures, when no ground of respondeat superior is claimed except that the employee was on a highway at night which he should have been on hours earlier in the day except for his turning aside to attend festivities at a roadhouse. The case is on all fours with Southern Casualty Co. v. Ehlers (Tex. Civ. App.) 14

S.W.(2d) 111. See, also, an excellently written decision of such cases in Texas Employers' Ins. Ass'n v. Harbuck (Tex. Civ. App.) 73 S.W.(2d) 113.

What has been stated above represents the views of the majority, and while the affirmance is unanimous, one of us believes that a question of fact is raised concerning whether Lacey was within the scope of his employment at the time of the accident, and that same is an independent issue and was not submitted to the jury or requested. That issue is waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S. W.(2d) 1084. Without the determination of that issue, plaintiff cannot recover. Likewise, one of us believes that Mrs. Barton was guilty of contributory negligence, as a matter of law, in riding on the running board of the car. The cited authorities, Dallas R. Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318, and Thurman v. Chandler (Tex. Civ. App.) 52 S.W.(2d) 315, are different from this cause only in that Mrs. Barton's husband urged her not to ride outside the car. He knew that it was dangerous and he is one of the plaintiffs. Whether she knew of the danger does not definitely appear.

The judgment is affirmed.