## MORGAN et ux. v. LUNA et al.

### No. 12312.

Court of Civil Appeals of Texas. Dallas.

Feb. 19, 1938.

Frank Cusack, of Dallas, for appellants.

Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

LOONEY, Justice.

C. C. Morgan and wife brought this action for damages against J. H. Luna & Sons, furniture dealers in the city of Dallas, and their negro truck driver, George Washington Hays, to recover damages resulting from a collision between a truck owned by the partnership, driven by Hays, and plaintiffs' automobile, resulting in personal injuries to Mrs. Morgan, and injuring the automobile.

At the conclusion of evidence, the court instructed a verdict for defendants and rendered judgment accordingly. After taking a nonsuit as to Hays, plaintiffs perfected appeal and present for our consideration only one question, that is, Did the evidence raise a jury issue as to whether or not, at the time of the accident, the driver of the truck was acting within the scope of his employment?

The material facts are these: Hays, the truck driver, was not regularly employed by Luna & Sons, but occasionally was called to such service, and on the day in question had driven their truck, in making deliveries from the furniture store. At 5:30 p. m., the day's work being over, Hays was directed by a member of defendant firm to take the truck to the Dunlap-Swain garage, on Pacific avenue, where it was usually kept when not in use. Instead of obeying the instruction of his employer, Hays drove the truck in an opposite direction to his home, where he spent some time and, after visiting a girl friend, was returning, four hours after taking the truck from the store, intending to take the truck to the garage, when the collision with the automobile took place, at a point on Elm street about three blocks east of the point from which he originally started, and entirely without the zone he would have traversed had he taken the truck to the garage in the first instance.

If Hays had obeyed the instruction of his master, he should have delivered the truck at the garage within a few minutes, as it is located only a block north and one west of the store. However, without either the knowledge or permission of the master, Hays departed on a purely personal mission and, at the time the collision occurred, was beyond the master's control. We do not deem it of any significance that he was en route to the garage with the truck at the time of the collision, as its return was but an incident to the unauthorized use to which it had been subjected.

Many cases, more or less in point, bearing on the subject, could be cited, but they all turn on the same question—that is whether or not the servant, at the time the wrong was committed, was acting within the scope of his employment. The doctrine announced in the following analogous cases fully sustain the action of the court in the premises: Hill v. Staats, Tex.Civ.App., 187 S.W. 1039; Id. Tex.Civ.App., 189 S.W. 85, writ refused; Dominguez v. Blaugrund, Tex.Civ.App., 42 S.W.2d 489, writ refused;

Barton v. Radford Grocery Co., Tex.Civ. App., 85 S.W.2d 801, appeal dismissed. To the same effect see Cannon v. Goodyear Tire & Rubber Co., 60 Utah 346, 208 P. 519.

Finding no reversible error, the judgment below is affirmed.

Affirmed.