BUSH v. PRESCOTT & NORTHWESTERN RAILWAY COMPANY.

Opinion delivered September 30, 1905.

76  497
83  212

76  497
f86  199

1. APPEAL—QUESTIONS REVIEWABLE.—Where exceptions were saved to the ruling of the court in sustaining a demurrer to the original complaint, and an appeal was taken within a year thereafter, the error of the court in sustaining such demurrer is ground for reversal, regardless of the sufficiency of a plea of res judicata to an amended complaint subsequently filed.  (Page 498.)

2. RESCISSION—FRAUD—SUFFICIENCY OF COMPLAINT.—A complaint which alleges that defendant company and one of plaintiff's attorneys conspired to procure fraudulently from plaintiff, who was an illiterate person, an assignment of plaintiff's cause of action against defendant company, and by deception induced her to execute such assignment, and that plaintiff executed such assignment, believing that she was assigning merely a half interest therein, states a good cause of action, entitling plaintiff to a rescission of the assignment of one-half of the cause of action.  (Page 499.)

3. SAME—RESTORATION.—Where an illiterate litigant was fraudulently induced to assign her cause of action to one of her attorneys in consideration of the transfer to her of a small tract of land, upon his representation that the paper she signed was only an assignment of a part of the cause of action which she had agreed to assign to him, she will not be required, as a condition to the setting aside of the assignment, to surrender and restore to such attorney the tract conveyed by him to her.  (Page 500.)

4. SAME—FRAUDULENT COMPROMISE—NOTICE.—The rule that, to entitle the attorney of one of the parties to a compromised suit to recover his fee from the opposite party, such attorney must prove that the opposite party had either actual or statutory notice of his interest in the cause of action is inapplicable where a party to a compromise sues to rescind same on the ground that the compromise was obtained in fraud of the rights of her attorney.  (Page 501.)

5. EQUITY—REMEDY AT LAW.—The fact that plaintiffs had a remedy at law does not oust the concurrent jurisdiction of courts of equity to grant relief against fraud by cancelling a written release or assignment.  (Page 501.)

Appeal from Nevada Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

*W. V. Tompkins,* for appellant.

32

*C. C. Hamby,* for appellee.

Assignment of an interest in a judgment is an assignment of an interest in the cause of action. Freeman, Judg. § 431. Appellant should have first offered a return of the land before bringing suit to annul the contract. 59 Ark. 259; 111 Ind. 544; 117 Mass. 479; 61 Fed. 54. Bush had no interest in the cause of action. Kirby's Digest, § 4457; 71 Ark. 327; 74 Ark. 551. And cannot complain of the settlement made. 66 Ark. 260.

*W. V. Tompkins,* for appellants in .reply.

The transfer obtained by Guy Nelson was obtained by fraud, and the complaint stated a cause of action. Eaton, Equity, 44, 283, 286-289.

McCulloch, J. This is a suit in chancery seeking to set aside, on account of alleged fraud in its procurement, an assignment by the plaintiff, Mary A. Smith, to Guy Nelson, one of the defendants, of an alleged cause of action against the defendant railroad company for the negligent killing of her · minor son and a compromise with said defendant railroad company of said action.

On January 23, 1903, the court sustained a demurrer to the complaint, and entered a decree dismissing it for want of equity and permitting the plaintiff to amend by setting forth the additional facts stating a cause of action. To this decision the plaintiff excepted. During the April term, 1903, the plaintiff filed an amended complaint, stating substantially the same facts as in the original complaint. The defendants again demurred, and also interposed a plea of *res judicata,* on the ground that the amended complaint states no additional facts, and that the decision of the court sustaining a demurrer to the original complaint was a conclusive adjudication of the sufficiency of the amended complaint. The court sustained this plea, and exceptions were duly saved.

Inasmuch as exceptions were saved to the ruling of the court in sustaining the demurrer to the original complaint, and the appeal was taken within a year from that time, the whole record is before us; and if it should be found that the court erred in sustaining that demurrer, the cause must be reversed, without consideration of the sufficiency of the plea of *res judicata.*

The complaint states, in substance, that the plaintiff, Mary A. Smith, had a good cause of action against defendant railroad company for the negligent killing of her son, and had brought suit thereon for damages in the sum of $12,000 against said company in the circuit court of Nevada County, her co-plaintiff herein, J. O. A. Bush, and defendant Guy Nelson, who were partners in the law practice, being her attorneys in that suit, under contract with her to receive one-half of the amount recovered as their fee; that the suit was tried, and she recovered a judgment for $1200 damages against said company, and the latter took an appeal to this court; that while the cause was pending in this court she assigned her half interest in said judgment to defendant Nelson in consideration of his conveyance to her of a tract of land valued at $400; that said judgment was reversed by this court, and the cause remanded for a new trial, and that thereafter, before a new trial could be had, she and Bush and Nelson entered into a new contract, whereby it was agreed that Bush should receive one-half of any amount recovered in said suit, and Nelson should receive one-half of any sum recovered, not exceeding $1200, and one-fourth of any sum recovered in excess of $1200; that thereafter said Nelson and defendant railway company and its attorney entered into a conspiracy to fraudulently procure from the plaintiff, Mrs. Smith, an assignment of the whole of said cause of action and a compromise of the same, and that Nelson, pursuant to said conspiracy, by deception, falsehood and fraud induced her to execute such assignment, and then filed the same with the papers in said damage suit, and compromised and dismissed said suit in consideration of the sum of $500 paid to him by said railway company.

It is alleged that the plaintiff, Mrs. Smith, is illiterate and ignorant of all forms of law, and that Nelson falsely represented to her that the paper she executed was only an assignment of the part of said cause of action which she had agreed to assign to him, and that her attorney, Bush, knew all about it, and had advised her to sign it; that she was ignorant of the contents of said paper, and signed it under the belief that by it she only assigned the part of said cause of action which she had previously agreed to assign to Nelson, and no more; that at the time of said compromise said railway company well knew that said transfer had been

obtained by said Nelson through falsehood, fraud and deception, and that he had no authority to represent Mrs. Smith in making said compromise.

Accepting the allegations as true, which we must do in testing the sufficiency of the complaint on demurrer, they sufficiently state a cause of action, and the learned chancellor erred in sustaining the demurrer. If, as alleged, Nelson and the railway company conspired together, and by falsehood and fraud procured from Mrs. Smith an assignment of her whole cause of action against the company for damages, when she only intended to assign the part which she had previously agreed upon, and was led to believe by Nelson that she was only signing a transfer of such part, and said company compromised with Nelson, then a court of equity should set aside the assignment and compromise, in so far as the rights of Mrs. Smith, and of Bush, who claims through her an interest in the cause of action, are concerned.

As to the rights of Nelson, who is conceded to be entitled to one-half of the recovery on the cause of action up to $1,200, and one-fourth of any recovery over that sum, the assignment and compromise must stand. Nor should Mrs. Smith, as contended by learned counsel for appellees, be required first to surrender and restore to Nelson the tract of land conveyed by him to her. No such condition can be imposed upon her right to set aside the assignment, for the reason that she is not seeking to set aside the part of her cause of action against the railway company which she assigned to him in consideration of the conveyance of the land. That transaction is, so far as the pleadings show, free from fraud, and must stand.

It is contended that Bush cannot maintain this suit because the assignment to him of an interest in the alleged cause of action against the railway company is not shown to be in writing duly acknowledged and filed and noted on the docket of the court where the action was pending, as provided by section 4457 of Kirby's Digest; and because it is not alleged that the railway company had any actual notice of the assignment to him. This would be true if he were suing upon a statutory assignment, but such is not his attitude in this case. Mrs. Smith sues upon the alleged fraud in the procurement of her assignment to Nelson of the whole cause of action, and Bush is properly joined as

plaintiff because of his interest therein.  His rights are worked out through her, entirely independent of the statute in question. If no fraud has been perpetrated upon Mrs. Smith in the procurement of the assignment, then Bush has no standing in the suit, unless he has complied with the statute by filing a written transfer, duly acknowledged, etc., with the papers in the suit, or unless the railway company had actual notice of the same, as held by this court in *Kansas City, F. S. & M. Rd. Co.* v. *Joslin,* 74 Ark. 551.

It may be said that the plaintiffs had a remedy at law, and might, in avoidance of the assignment and compromise, show fraud in the procurement, upon a motion in Nevada Circuit Court to reinstate the cause, or in a new action against the railway company to recover the damages.  *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 73 Ark. 42, 83 S. W. 332.  But this remedy does not oust the concurrent jurisdiction of courts of equity to grant relief against fraud by cancelling a written release or assignment obtained by such means.  1 Pom. Eq. Jur. (3 Ed.), § 188; *George* v. *Tate,* 102 U. S. 564; *Delaine* v. *James,* 94 U. S. 207.

Our conclusion is that the chancellor erred in sustaining the demurrer, and the cause is reversed with directions to overrule the same, and for further proceedings not inconsistent with this opinion.