MURPHY et ux. v. GULF PRODUCTION CO.
(No. 1507.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 14, 1927.

Rehearing Denied Nov. 2, 1927.

Master and servant ⇐302(6)—Employer held not liable as matter of law on undisputed evidence servant was driving automobile for own pleasure at time of collision.

In action for personal injuries sustained on Sunday, when defendant's automobile, driven by its employee, collided with plaintiff's car, which it attempted to pass, undisputed evidence *held* to show as matter of law that employer was not liable, it appearing that mission on which servant was using automobile was to go on picnic for his and his family's pleasure, and that at the time he was not acting within scope of his employment.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Action by George F. Murphy and wife against the Gulf Production Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellants.
Jno. E. Green, Jr., of Houston, and Llewellyn & Kayser, of Liberty, for appellee.

HIGHTOWER, C. J. The appellants, George F. Murphy and his wife, Eugenia Murphy, filed this suit in the district court of Liberty county against appellee, Gulf Production Company, to recover damages on account of personal injuries sustained by them while riding in their automobile along one of the public roads of Liberty county. They alleged that the car in which they were riding was struck by another car owned by appellee, which was at the time being driven by one Thad Jarvis, who was an employee of appellee. They alleged that the collision between the two cars was caused by the negligence of Jarvis, who, at the time, was driving the car in which he was riding at a rapid and dangerous rate of speed, and negligently ran into, and turned over, the car in which appellants were riding; that the car which Jarvis was driving had been furnished him by appellee as a part of his employment, and in furtherance of appellee's own business, so as to properly equip him for efficiently and satisfactorily performing the services required of him as an employee, his duties being to attend to, manage, and generally supervise and control, the electrical attachments and appliances which were constructed and operated by appellee in the Hull oil field in Liberty county. Appellants alleged that, at the time of the collision which resulted in their injuries, Jarvis was acting within the scope of his employment as an employee of appellee, and in furtherance of appellee's business. Appellants prayed for damages to the amount of $35,000; it being alleged that Mr. Murphy had suffered damages to the extent of $20,000, and Mrs. Murphy had suffered damages to the extent of $15,000, for which amount they prayed judgment.

Appellee, Gulf Production Company, answered by general demurrer, general denial, a plea of contributory negligence, and raised other issues unnecessary to mention.

The case was tried with a jury, but at the conclusion of the testimony the court, upon motion of appellee, peremptorily instructed the jury to return a verdict for appellee, and judgment was entered accordingly, and it is from this action of the trial court in peremptorily instructing the verdict that appellants prosecute this appeal.

The first proposition advanced by appellants for reversal is that the trial court should have held as a matter of law that Thad Jarvis, at the time of the collision, was acting in the course and scope of his employment with appellee, and that, therefore, the trial court erred in peremptorily instructing the jury against appellants. The second proposition advanced is that there was ample evidence to raise the issue as to whether or not Jarvis was acting in the course of and scope of his employment with appellee at the time they were injured, and that, therefore, the court should have submitted such issue to the jury, and erred in not doing so. The third proposition advanced is that the trial court erred in sustaining appellee's motion for peremptory instruction.

Appellee, in answer to all contentions made by appellants, submit the following counter proposition:

"The evidence in this case showing conclusively that Jarvis at the time of the accident was driving and using the automobile in question for his own personal convenience and pleasure and on a private mission of his own, and not in the scope of his employment by the defendant, Gulf Production Company, or in the furtherance of the business of the Gulf Production Company, no judgment could possibly be rendered against the Gulf Production Company, and it was the duty of the trial court to instruct a verdict, as was done, in favor of the defendant."

Counsel for appellants have made in their brief a very full statement of the evidence adduced upon the trial bearing upon the question as to whether Jarvis, at the time of the collision, was acting within the scope of his authority as an employee of appellee, and in furtherance of the business of appellee. Counsel for appellee in their brief have supplemented this statement, and, in addition, we have gone through the entire statement of facts, and have reached the conclusion that the trial court was correct in peremptorily instructing the verdict for appellee, for the reason that the uncontradicted evidence in the case showed beyond all doubt that, at the

time of the collision in question, Thad Jarvis was not acting within the scope of his employment by appellee, and that he was not acting at the time in furtherance of the business in any way of appellee.

. We shall not undertake to set out in detail the evidence bearing upon this issue, but shall content ourselves to make a statement, in substance, of the uncontradicted testimony of all the witnesses who took the stand. This testimony shows the following facts:

On Sunday morning, May 4, 1924, Thad Jarvis and his wife and P. E. Lacey and his wife and a Mr. and Mrs. Payne, who were the father and mother of Mrs. Jarvis and Mrs. Lacey, started from the little town of Daisetta in Liberty county to the town of Anahuac in Chambers county to spend the day on a picnic. In the car with Jarvis and his wife were their son, Reginald Jarvis, and a classmate of his, Wesley Booth. Reginald Jarvis was 16 years of age, and Wesley Booth was 15 years of age. In the Lacey car, in which he and his wife were riding, were also Mr. Payne and Mrs. Payne. Mr. Payne was an old gentleman about 76 year of age, and Mrs. Payne an old lady about 75 years of age. Their home was at Tyler, Tex., and they had never seen any large body of water, and they were visiting their daughters and sons-in-law, and expected to return to their home in a few days, and before going wanted to see the bay of Anahuac, and that was the purpose of the trip and picnic on that day. They had their lunches with them for the day, and expected to return from Anahuac some time that day.

About 7 o'clock on the same Sunday morning Mr. and Mrs. Murphy, the appellants, left the town of Daisetta in their Ford, traveling the public road between the town of Daisetta and the town of Raywood, intending to go to Houston. About 7:30 o'clock the Murphy car was overtaken by the car driven by Thad Jarvis, and Jarvis attempted to drive his car past the Murphy car, and the left hind wheel on the Jarvis car came in contact with the right front wheel on the Murphy car, thereby causing the Murphy car to be turned over and fall upon Mr. and Mrs. Murphy, both of whom were injured in consequence.

The undisputed testimony showed that Thad Jarvis, at the time of the collision, and for several years prior, was an employee of the Gulf Production Company, the appellee; his position being electric foreman in the oil field at Hull in Liberty county. His duties were to manage, control, and supervise all the electrical appliances used by appellee in the production of oil in the Hull oil field. Jarvis lived in the town of Daisetta, a mile or two distant from the oil field, and, in order that he might perform his duties efficiently and regularly, he was furnished a Ford automobile by appellee, which he kept

at his home in Daisetta, and sometimes he used the automobile for his own private purposes, such as his private business and matters of pleasure. He testified that he was not authorized to use the automobile for private purposes, but, nevertheless, that he did so on occasions, and that he did not know whether appellee was aware of that fact or not. Jarvis' duties were confined exclusively to the Hull oil field. It became necessary sometimes for him to work on Sunday, and, when such necessity arose, he did so, and used the Ford automobile furnished him by appellee when he did so. On the day of the accident in question here, however, no necessity had arisen for Jarvis to perform any duty in the line of his employment, and he did not intend to perform any on that day, and did not, in fact, perform any on that day, and had no electrical tools or appliances in his car with which to perform his duties on that day.

Every member of the picnic party above named, with the exception of the old gentleman, Mr. Payne, who had died in the meantime, testified in the case, and every one of them testified, emphatically, that their mission on that morning was to go to Anahuac, have a picnic, let the old folks see the bay, spend the day, and return home that night. This testimony was not contradicted by a single fact or circumstance found in this voluminous statement of facts, and it was therefore a question of law for the court to decide as to whether this evidence showed any liability on the part of appellee for the injuries sustained by reason of the collision of the car that Jarvis was driving with that of the Murphys. This evidence, as we have stated it in substance, conclusively shows that Thad Jarvis, who was driving appellee's automobile, at the time of the collision was acting for his own personal pleasure and convenience, and was on a private mission of his own, and was in no manner acting within the scope of his employment by appellee, nor in the furtherance of appellee's business in any way. These facts being shown by the undisputed evidence of disinterested witnesses, appellants were not entitled to recover damages against appellee, however negligent Jarvis may have been in bringing about the collision with the Murphy car, and thereby injuring appellants. No useful purpose would be served by a discussion of the authorities sustaining this legal proposition. I. & G. N. Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; G., H. & S. A. Railway Co. v. Currie, 100 Tex. 136, 96 S. W. 1073; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039, 89 S. W. 86; Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; City Service Company v. Brown (Tex. Civ. App.) 231 S. W. 140; Friend-Rowe Motor Co. v. Ricci, 293 S. W. 851. The opinion in the last-cited case

was by this court, speaking through Mr. Justice O'Quinn. We note that the learned counsel for appellants in this case have cited the Friend-Rowe Motor Co. v. Ricci Case in their brief, and that they quote from certain portions of the opinion as sustaining their contention here, that this case should have been submitted to the jury on the issue as to whether Jarvis was acting within the scope of his employment and in the furtherance of appellee's business at the time of this accident. We cannot see that our opinion in the Ricci Case sustains the contention of counsel for appellants in this connection. We held in the Ricci Case, in substance, that the evidence was sufficient to carry the case to the jury on the question as to whether the employee there, English, was acting within the scope of his employment, and in the furtherance of his employer's business. The opinion shows all the facts and circumstances upon which we rested that conclusion, and it would serve no purpose to detail them here.

It follows from the conclusions above expressed that the trial court was correct in instructing the verdict, and that the judgment should be affirmed, which has been ordered.