## HOUSTON OIL CO. OF TEXAS v. WILSON.
### No. 9277.

Court of Civil Appeals of Texas. San Antonio.

March 14, 1934.

Rehearing Denied April 11, 1934.

Boone, Raymer & Davis, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellee, the husband of Mrs. Jean Wilson, against appellant, Houston Oil Company of Texas to recover damages arising from injuries to his wife inflicted by T. E. Gresham, a servant of appellant, while acting within the scope of his service and employment. The cause was submitted to a jury on thirty-two special issues, and upon the answers thereto the court rendered judgment in favor of appellee in the sum of $10,275. The limit of the damages asked by appellee in his pleading was $11,000, which was in excess of the verdict by $725.

In view of a reversal of the judgment in this case, we will enter into no further discussion of the facts than is absolutely necessary to make clear the position of the court on the questions of law presented in the brief of appellant.

The uncontradicted facts showed that appellant had what is called a "bulk station" for oil and gasoline in the town of Falfurrias, 78 miles from Corpus Christi, where one T. E. Gresham, an employee of appellant, resided. On Saturday, July 9, 1932, said Gresham was instructed by the district manager, Mr. Ellis, to proceed to Falfurrias and to assume the duties of one Wells, the agent at Falfurrias, who would be absent for a few days. The duties of Gresham were to begin on Sunday morning, July 10, 1932, and he went with a friend in an automobile to Falfurrias and took charge of the station. He had been directed by Ellis, the district manager, to remain in Falfurrias until the return of Wells. However, at 6 o'clock on July 10, Sunday, Gresham, without authority, went to the garage of Wells and took out a truck belonging to appellant and drove 78 miles to Corpus Christi, in order to spend the night at his home with his family. He reached Corpus Christi that night without any accident occurring and early on the morning of Monday, July 11, drove the truck back to Falfurrias and assumed the duties pertaining to the station and remained there until 6 o'clock p. m. of the same day, when he repeated taking the truck from the garage of Wells and starting out to drive to Corpus Christi to spend the night at his home. While traveling on his journey to Corpus Christi, he met an automobile driven by appellee's wife and a collision occurred, which resulted in serious injuries to Mrs. Wilson. This collision was alleged by appellee to have taken place through the negligence of Gresham while prosecuting the work of his employer. It was claimed by appellant that Gresham, at the time the accident occurred, was not acting in the scope of his employment by his employer and that the act of negligence, if any, was the act of Gresham alone, and could not be imputed to appellant. There was no evidence that tended to show that Gresham had authority to take the truck from the

garage in Falfurrias and use it in going to and returning from Corpus Christi every day while he was relieving Wells, the agent, at Falfurrias. The only evidence of any authority given to Gresham to use the truck was to bring it back to Corpus Christi for the use of the company after he had fully finished his service in Falfurrias. The testimony fails to indicate that Gresham had permission, or authority, or was expected to return to Corpus Christi at the close of each day while he was serving in Falfurrias and use appellant's truck in so returning. It does not appear to be reasonable that appellant would have authorized an employee to use its truck in traveling to and from Corpus Christi, a distance of 156 miles each day. Ellis swore positively that Gresham had no such authority; that he instructed him to remain in Falfurrias until the return of Wells. Without the knowledge or consent of his employer he took the truck from the garage of Wells and used it each day in going to and returning from his home in Corpus Christi. The first day that he made the unlawful use of the truck he was not detected by his employer, but on the second day, when going to Corpus Christi at night, the accident occurred and his unauthorized acts were exposed.

■ We conclude that there was no evidence to show that Gresham was acting within the scope of his employment at the time the accident occurred, and fails to show liability on the part of appellant for the acts of Gresham while driving the truck. Gresham, himself, did not claim authority to use the truck as he was using it and he knew of the custom of the company of having its employees pay for board and lodging in Falfurrias and present the bill for the same to the company, which reimbursed the employee for all outlays made.

If, as claimed by appellant, it was disclosed by appellee to the jury that an insurance company would be held liable for the damages inflicted on the wife of appellee, and if it be held that such disclosure was error, it need not be passed upon in this opinion because it is not probable that it will occur in another trial of the cause.

■■ The appellee specifically set out the items upon which he based his claims for damage and they are as follows:

1. Loss of his wife's services in performing her household duties.

2. Physical pain and suffering by appellee's wife.

3. Doctors' and medicine bills.

4. Property damage to appellee's car.

This is a condensed statement of the damages claimed by the petition, and it will be noted that there is no mention of or claim for damages arising from mental anguish, and yet, by the charge of the court, the jury was authorized to find not only for the physical injuries inflicted but also to find damages for mental anguish caused the wife of appellee. It is clear that it was error to submit an item of damages to the jury not alleged and claimed by appellee in his petition. The rule is still in full force and effect that the allegation and proof must correspond and without an allegation there is no basis for recovery against a defendant.

■■ If, as some of the evidence tended to show, Mrs. Wilson at the time she endeavored to pass the truck was driving her car at a greater rate of speed than 15 miles per hour, she was violating the terms of article 794 of the Penal Code and such violation would constitute negligence per se, and the issue having been raised by the evidence, appellant had the right to ask the submission of the issue to the jury and to inform them that if such violation of the law was the proximate cause of the accident that they should find for appellant. Appellant sought to have this issue presented to the jury, but it was denied by the court. This clearly was error.

■ The evidence showed that the wife of appellee had been employing a maid to assist her, at the rate of $3 per week, and although this item was not submitted to the jury for its consideration, still the court, in certain findings made by him, stated that the jury did consider the question of damages arising from the employment of this maid for the next twenty-one years. There is no evidence that the amount paid the maid was reasonable or that it would have to be continued for any length of time, and the jury should not have considered the evidence in computing the damages inflicted on appellee's wife. Considering such an item was misconduct which clearly prejudiced the case of appellant, and such misconduct is such error as to form a basis for a reversal of the judgment.

On account of the errors indicated, the judgment will be reversed and the cause remanded.