ceeds $50, it falls within the classification of a felony.

■ By bill of exception No. 7 the appellant complains of the action of the trial court in refusing to give his requested special charge directing the jury to return a verdict of not guilty. We are of the opinion that there was no error in the ruling of the court in this respect. It is true the case was one of circumstantial evidence, but we believe that the circumstances, together with the act and conduct of the appellant and the act and conduct of Pierce in the presence of the appellant, were sufficient to be submitted to and passed upon by the jury, and we believe that the jury, under the facts, were justified in finding the appellant guilty as charged in the indictment.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, Judge.

■ In his motion for rehearing appellant urges that the indictment herein fails to allege that appellant knew the representations to be made by him to Webb were false and untrue. The charge against appellant was that he conspired and agreed with another to obtain from Webb $1,250 in money, of the value of $1,250, by means of false pretenses and devices, which are set out in detail in the indictment. It is also averred that appellant knew that Webb was not suffering from the ailment which appellant and another agreed to represent to Webb he was suffering from; also that appellant knew that Webb did not have a film, skin, or tissue covering his eyeball as he and said other party had agreed to represent to Webb that he did have, and which the other party would represent that he could remove; also that appellant knew that the skin, film, or tissue which the other party was to exhibit to Webb was not removed from the eyeball of Webb; also that appellant well knew that said other party could not cure the eye of Webb; that he well knew no service could be rendered Webb by said other party reasonably worth $1,250.

We are unable to agree with appellant, and think that the indictment did aver that appellant knew that the representations which it was alleged the conspirators intended and agreed to make to Webb would be false. We have again gone over appellant's bills of exception without being led to believe that any of them show error.

The motion for rehearing will be overruled.

## REYNOLDS v. TEXAS IRON WORKS SALES CORPORATION et al.
### No. 9920.

Court of Civil Appeals of Texas. Galveston.
May 11, 1934.

Rehearing Denied May 31, 1934.

McFarlane & Dillard, C. I. McFarlane, Orrin H. Bonney, and C. L. Bass, all of Houston, for appellant.

Fulbright, Crooker & Freeman, of Houston (W. B. Bates and Chas. A. Perlitz, Jr., both of Houston, of counsel), for appellees.

LANE, Justice.

This suit was brought by H. C. Reynolds against the Texas Iron Works Sales Company, a corporation, L. C. Tilbury, and against Texas Iron Works, also a corporation, to recover damages which he alleged he suffered by reason of the injury inflicted upon his wife, and her subsequent death, by reason of alleged negligence of the defendants, and for a recovery for injuries suffered by him personally by reason of such alleged negligence. He sought recovery of the sum of $30,000 by reason of the injury to and death of his wife, and the sum of $20,000 which he suffered personally. He also sued for surgeons' and physicians' expenses incurred, and expenses necessarily incurred in the employment of nurses and for necessary hospital services in the total sum of $622.20, and for the further sum of $955 funeral expenses incurred by him in the burial of his wife.

Plaintiff alleged that while he and his wife were being driven in an automobile in a street of the city of Houston, one L. C. Tilbury drove another automobile into and collided with the one in which he and his wife were riding, which caused the injuries and the damages of which he complains. He alleges that his injuries and damages were the direct result of certain negligent acts and omissions of Tilbury in operating the automobile driven by him; that at the time of the collision and injuries complained of L. C. Tilbury was the agent, servant, and business representative of both or either the Texas Iron Works Sales Company and the Texas Iron Works Company, and that the automobile which he was driving at the time of the collision was furnished to him by said companies to enable him to perform his duties as such agent, etc.; and that at the time of such collision Tilbury was an agent of both of said defendant companies or one of them, and was engaged within the scope of his employment as such agent and was acting under the direction of both of said companies or one of them; that the Texas Iron Works Company was engaged in manufacturing oil supplies and that Texas Iron Works Sales Company, the salesman and agent of the latter, was the instrumentality through which the former sold the articles manufactured by it, and that Tilbury in acting as salesman was acting for both of said companies and was the agent of both; that at the time of the collision Texas Iron Works Sales Company was engaged in the business of handling oil supplies, employing agents and representatives for that purpose, whose duties it was to solicit sales of such supplies and to maintain service on such supplies so sold, and to assist customers with technical problems involving the use of such supplies and to maintain the good will of customers.

The above and foregoing allegations were followed by special allegations of injuries and damages, and a prayer for recovery of the alleged damages. The Texas Iron Works Sales Company and the Texas Iron Works Company answered by general demurrer, general denial, and various pleas of contributory negligence on the part of the plaintiff and the other occupants of the automobile in which plaintiff and his wife were riding at the time of the collision. The case was tried before a jury. The court submitted 79 special issues to the jury, and in answer to inquiries relative to the negligence charged to defendant L. C. Tilbury, the driver of the car which collided with the car of defendant, the jury found that Tilbury was guilty of practically all the acts of negligence charged against him, and that such negligent acts were each a proximate cause of the collision which resulted in the injuries complained of by the plaintiff, and all issues relative to contributory negligence on the part of the plaintiff were answered in his favor.

Notwithstanding the findings of the jury on the issues as to negligence of L. C. Tilbury and the contributory negligence charged by defendants to the plaintiff, the trial judge, reaching the conclusion that the undisputed evidence showed that Tilbury, through whose negligence the collision occurred, was not an agent, employee, or servant of Texas Iron

Works Company at any time, and that it was also shown by such undisputed evidence that L. C. Tilbury, while an employee and servant of Texas Iron Works Sales Company, was not, at the time of the collision in question, acting within the scope of his employment or in furtherance of his master's business, rendered judgment in favor of Texas Iron Works and Texas Iron Works Sales Company, against the plaintiff.

Judgment was rendered against L. C. Tilbury in favor of plaintiff for the sum of $23,000.

From the judgment rendered in favor of the Texas Iron Works and the Texas Iron Works Sales Company, H. C. Reynolds, the plaintiff, has appealed.

In the judgment rendered it is recited as follows: "* * * At the conclusion of the evidence the Court found that the facts were altogether with the Defendants, Texas Iron Works and Texas Iron Works Sales Corporation, and each of them, and that each of said Defendants were entitled to judgment in favor of each of them, respectively; and among said facts the Court found that there was no evidence that L. C. Tilbury was an employee, agent or servant of the Texas Iron Works either before, or at or after the time Plaintiff first sustained injuries herein sued for by Plaintiff; and among said facts the Court further found that there was no evidence that L. C. Tilbury was an employee, agent or servant of Texas Iron Works Sales Corporation, acting within the scope of his employment and in furtherance of its business at the time Plaintiff sustained injuries herein sued for by Plaintiff; and the Court by reason thereof did withdraw the Plaintiff's suit against each of said Defendants, Texas Iron Works and Texas Iron Works Sales Corporation from the jury's consideration, and rendered its judgment in favor of each of said Defendants, Texas Iron Works and Texas Iron Works Sales Corporation."

Appellant, for reversal of the judgment, contends, first, that the trial judge erred in finding that the facts were altogether with the defendant Texas Iron Works Sales Corporation, and in finding that there was no evidence that L. C. Tilbury was an employee, agent, or servant of said corporation, acting within the scope of his employment and in furtherance of its business at the time appellant sustained the injuries complained of by him, and upon such findings withdrawing the case from the jury in so far as it related to Texas Iron Works Sales Corporation, and in rendering judgment to the effect that the plaintiff, Reynolds, recover nothing from Texas Iron Works Sales Corporation; second, that the court erred in finding the facts were altogether with the defendant Texas Iron Works, and upon such finding withdrawing the case from the jury in so far as it related to said Texas Iron Works, and in rendering judgment in favor of said corporation; third, that the court erred in finding that there was no evidence showing that L. C. Tilbury was an employee, agent, or servant of the Texas Iron Works, either before or after the time the plaintiff sustained his injuries, and upon such finding rendering judgment in favor of said Texas Iron Works.

We overrule all of such contentions. The undisputed evidence shows that the Texas Iron Works was incorporated under that name in 1917, and that the Texas Iron Works Sales Corporation was incorporated under its name in 1925, as a distinct corporation from Texas Iron Works Corporation; that the Texas Iron Works owned no stock of the Sales Corporation, nor did the Sales Corporation own any stock of the Texas Iron Works Corporation. It shows that L. M. Pearce, while president of both corporations and owner of stock of both corporations, owned only 25 per cent. of the stock of the Texas Iron Works and less than a controlling interest in the Sales Corporation. Pearce was the only stockholder common to both corporations; there were no interlocking directors. There is no evidence that either corporation in any way financed the other, or that one corporation exercised any control over the other in its active business policies.

It was shown that the Sales Corporation owned a certain patent, and as it had no shops for the manufacture of the articles called for by the patent, and the Texas Iron Works were manufacturers, the Sales Corporation employed the Texas Iron Works to make such patented articles; that the Texas Iron Works, besides the manufacture of said patented articles for the Sales Corporation, were engaged in the business of making a complete line of oil field supplies, in which business the Sales Corporation had no interest, except as a purchaser of some of them from the Texas Iron Works; that the Sales Corporation had no shop and was just a sales concern. It gets the Texas Iron Works to make certain oil field supplies for it, for which service it pays the Texas Iron Works. In making sales of its merchandise, namely, oil field supplies, the Sales Corporation employed L. C. Tilbury and furnished him an automobile, which was placed in his hands and care to be used in the performance of his work for his employer whenever necessary. He was not required to

work on Sunday, unless specially called upon to do so; such calls would not occur more than five or six times a year. The Iron Works concern had no interest in the automobile furnished to Tilbury.

L. C. Tilbury testified that he was employed by the Sales Corporation as a salesman and had been so employed since 1926; that his duties were to make sales for his employer, and to see that any trouble had by purchasers with such supplies was eliminated; that he worked five and one-half days each week, and was not employed to work Saturday evenings and on Sundays unless specially called to do so, which calls occurred only in cases of emergency; that such calls would not occur more than five or six times in a year; that the collision in question occurred on Sunday; that he was just out riding with a young lady, who is now his wife; that he was not on that occasion performing or intending to perform any service on behalf of his employer, but was just out for a ride, intending later to take his sweetheart to the train on which she was expecting to return to her home in Laredo; that the ride they were taking was solely for their pleasure and no other purpose.

Mrs. Tilbury, formerly the sweetheart of L. C. Tilbury but at the time of the trial his wife, testified that at the time of the collision in question she was riding with Tilbury; that they were just out for a drive until she was to take the train to her home at Laredo; that the collision occurred on Sunday evening about 8 or 8:30 p. m.

L. C. Tilbury, testifying further, said that he had never worked for the Texas Iron Works; that he had never received any salary or compensation of any kind from that concern; that he had never sold anything for the Texas Iron Works, nor had he attempted to do so; that he had never performed any service for said concern; that the Sales Corporation owned the car which he was using at the time of the collision; that he had used the car for about one year; that it was intrusted to him by his employer for his transportation to the field work.

■ It is clearly apparent from the undisputed facts which we have stated that the Texas Iron Works was not liable for plaintiff's injuries, and therefore the trial court *did not err in instructing a verdict in its favor.*

■ It is also made to appear from the facts stated that defendant Tilbury was an employee of the Sales Corporation, and not of the Texas Iron Works; that Tilbury was furnished the car in which he and his girl were riding at the time of the collision by his employer, the Sales Corporation, and not by the Texas Iron Works, and that at the time of the collision he was driving around in the automobile furnished to him by his employer on a Sunday night in company with his lady friend on a mission purely for the pleasure of himself and his friend, and on no mission and performing no duty or service whatsoever for his employer; therefore, the court did not err in instructing a verdict in favor of the Sales Corporation.

■■ It is well settled by our courts that an employer will not be held liable for damages resulting from the negligence of an employee where the evidence conclusively shows, as it does in the present case, that the employee was on a mission of his own and not performing any character of duty or service for his employer at the time of the negligent act. Before Tilbury's employer can be held responsible for his act, it must be shown that Tilbury was acting as the agent within the scope of his employment for his employer, and, as we have already shown, the evidence shows that a contrary state of affairs existed at the time of the collision in question. Texas News Co. v. Lake (Tex. Civ. App.) 58 S.W.(2d) 1044; Houston News Co. v. Shavers (Tex. Civ. App.) 64 S.W.(2d) 384; Murphy v. Gulf Production Co. (Tex. Civ. App.) 299 S. W. 295.

Having reached the conclusions above expressed, the contentions of appellant must be in all things overruled.

B. F. Arnim testified that he went to the office of the Texas Iron Works; that he saw Mr. Pearce, president of both of the defendant corporations; that he had a conversation with Mr. Pearce, and in such conversation Mr. Pearce stated that L. C. Tilbury had told him he had an accident; that Pearce also told him that the car used by Tilbury was insured with the Lumberman's Reciprocal Association and told him to take up the question of the damage to the car in which Reynolds was riding at the time of the accident with the insurance company; that he asked Pearce if the car was on company business and he said it was; that Tilbury was on the way out to see about one of their jobs.

Testifying further on cross-examination, the witness said that Pearce told him that all he knew about the matter was what Tilbury had told him, and that at no time did Pearce purport to know anything about the accident, as to how it happened and where Tilbury was

going, except what he, witness, and Tilbury had told him.

Adolph Pfeffer, an employee of the witness Arnim, who was with Arnim when the conversation between Pearce and Arnim took place, corroborated the statements of Arnim.

The undisputed evidence shows conclusively that L. O. Tilbury was an employee of the Sales Corporation and not an employee of the Texas Iron Works; that he was at the time of the accident in question, and on the Sunday evening of the day of the accident, on a mission solely for his own pleasure, and that he was not at such time on such evening performing any duty or service for his employer.

L. M. Pearce states positively that he knew nothing of what Tilbury was doing on the evening of the accident; that he told no one that Tilbury was on company work on said Sunday evening; that as a fact Tilbury had no instruction to do anything for his employer on the day in question; that he knew nothing about the accident or what Tilbury was doing on said day, except from hearsay, only from what Tilbury told him about it.

After the testimony of Arnim and Pfeffer had been introduced, and after L. C. Tilbury had stated that on the evening of the accident he was not performing any duty or service for his employer, and that he had no instructions to perform any such duty or service on said evening, the testimony of Arnim and Pfeffer was stricken out on motion of counsel for the defendant Sales Corporation.

By assignments 9 and 10, appellant Reynolds insists that the court erred, first, in sustaining the motion of the defendants to strike out the testimony of the witness Arnim that was specified in the motion of the defendants' attorney as set out on page 196 of the transcript of the evidence; and, second, in sustaining the defendants' motion to strike out the testimony of the witness Pfeffer, that was specified in the motion of the defendants' attorney as set out on page 247 of the transcript of the evidence.

We overrule said assignments. The court did not err in excluding the evidence of Arnim and Pfeffer. Testimony to the effect that Pearce stated to the witnesses that Tilbury told Pearce on the morning after the accident that he was on company business was inadmissible to prove that Tilbury was in fact on business for his employer. If it be admitted that Pearce made the statement attributed to him by Arnim and Pfeffer, it would be but a legal conclusion and based upon hearsay, and would have no probative force. Our courts have frequently held that any admissions based on hearsay are inadmissible. Webb-North Motor Co. v. Ross (Tex. Civ. App.) 42 S.W.(2d) 1086.

We have seen that all parties who knew anything about where Tilbury was going or on what mission he was at the time of the accident, testified that he was on a mission solely for his own pleasure and benefit, which was in no way connected with the company. We have also seen that Pearce had no knowledge with respect to such matters. The plaintiff offered the evidence of Arnim, the owner of the other automobile that was involved in the collision, and of Pfeffer, an employee of Arnim, to the effect that Pearce, president of the Texas Iron Works Sales Corporation, a day or so after the accident, stated that Tilbury told him the morning after the accident that he was on company business at the time of the collision. Both of said witnesses testified emphatically that Pearce made it plain that his knowledge as to the accident and where Tilbury was going was based upon what Tilbury and others had told him.

For the reasons pointed out, the judgment is affirmed.

Affirmed.