### JOHN F. CAMP DRILLING CO. v. STEELE.

#### No. 10164.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rice & Rice, of San Antonio, for appellant.

John C. North and Leslie S. Lockett, both of Corpus Christi, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling a plea of privilege filed in the trial court by the appellant here, John F. Camp Drilling Company, a corporation. Appellant sets forth a very clear statement of the case in its brief, which is concurred in by appellee, and reads as follows:

"On October 9, 1936, James L. Steele filed this suit in the District Court for the 117th Judicial District of Nueces County, Texas, against John F. Camp Drilling Company, a corporation having its main office and place of business in Bexar County, Texas.

"On October 31, 1936, the defendant corporation filed a verified plea of privilege, negativing the existence of any of the exceptions to exclusive venue in the county of one's residence. The plea of privilege was on November 6, 1936, controverted by the plaintiff Steele, who sought in order to retain venue in Nueces County to bring his case within the exception stated in subdivisions 9 and 23 of article 1995, Revised Civil Statutes.

"The facts of venue alleged in the controverting plea were:

"1. That one Leo Cooney, 'an employee and agent of defendant, acting within the scope of his employment, so carelessly drove, managed, and operated his automobile that he drove his car from the proper side of the highway across the center line of such highway and on to the wrong side of said highway and forcibly ran into and struck the left side of plaintiff's car with great force so as to greatly damage the same,' and that such collision occurred in Nueces County, Texas, and was a trespass under subdivision 9 of article 1995, Revised Statutes, and that the cause of action arose in Nueces County, under subdivision 23 of the same article.

"After due service of notice of the controverting plea, hearing was had before the court December 5, 1936, and the plea of privilege was overruled by judgment entered December 14, 1936. The appeal was duly perfected on December 21, 1936, by the filing of an approved appeal bond. The transcript and statement of facts were filed within the time prescribed by law.

"The only question presented by the appeal is that the facts proved on the hearing were insufficient to overcome the burden on plaintiff of proving a trespass occurring in Nueces County, or that a cause of action or part thereof arose in Nueces County.

"The facts proved on the hearing are, briefly:

"That on May 26, 1936, about eight o'-clock in the evening, plaintiff Steele was driving his Ford V–8 sedan toward Robstown and 'right about almost in the center of Violet, Texas,' a Chevrolet coupe driven by Mr. Cooney had angled across the road and caught his (plaintiff's) car behind the front of the front fender just about where the hub cap is and plowed down the running board, caught his (Cooney's) front wheel on plaintiff's rear wheel and Cooney's car went into the ditch behind plaintiff and plaintiff went around behind him toward the opposite ditch. Violet is in Nueces County. That the car which came into collision with plaintiff Steele's car was a Chevrolet coupe owned by the Newtex Oil Company, driven by Leo Cooney, an employee of the John F Camp Drilling Company. That John F. Camp came to the scene of the accident and said he was an official of the company that owned the car.

"Mr. Cooney, who was the driver of the Chevrolet at the time of the collision, is not a party to the suit. No proof was made as to the extent of the damage nor the amount of the damage. No proof was made as to why Mr. Cooney was on the road at that time, and no attempt was made

to prove that he was about the business of the John F. Camp Drilling Company at the time of the accident. It seemed to be the idea of the plaintiff that it was sufficient to prove that Mr. Cooney was an employee of the Drilling Company and that a car driven by him struck plaintiff's car."

 It is clear from the above statement that the appellee, James L. Steele, is seeking to hold the appellant, John F. Camp Drilling Company, on the theory that Mr. Cooney was the agent of appellant and had an automobile collision with appellee in Nueces county. The proof is insufficient to show that Mr. Cooney was engaged in any business of his employer at the time he had the collision. The proof does not show that he was driving the car at the time under the direction of his employer, or that he was in the course of his usual employment. Therefore, the evidence is insufficient to overcome the burden resting on the plaintiff below to show a cause of action against the defendant in Nueces county.

Appellee seeks to hold venue of this cause under subdivision 23 of article 1995, R.C.S.1925. It is clear that under this subdivision that before a corporation could be held in a county other than that of its domicile for the negligence of an employee, it would be necessary for the alleged injured party to prove that the employee was acting either by orders of his employer or in the usual course of his employment; and the record here failing to show either that Cooney was acting under the orders of his employer or in the usual course of his employment, the plea of privilege should have been granted. Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Hannah v. Stephens (Tex.Civ.App.) 101 S.W.(2d) 823; Cook v. Mann (Tex.Civ.App.) 40 S. W.(2d) 72; Reynolds v. Texas Iron Works Corporation (Tex.Civ.App.) 72 S. W.(2d) 299; Murphy v. Gulf Production Co. (Tex.Civ.App.) 299 S.W. 295.

Accordingly, the judgment of the trial court will be reversed and this cause remanded with instructions that the plea of privilege be granted and the venue transferred to one of the district courts of Bexar county, Tex.