**WHITEMAN v. HARRIS et al.**

No. 13847.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 16, 1938.

Rehearing Denied Jan. 20, 1939.

Atwood McDonald and J. M. Floyd, both of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellees.

BROWN, Justice.

Appellant, J. B. Whiteman, brought suit against Claude Harris and his father, Dr. Charles H. Harris, to recover damages for personal injuries received by him in a collision between a truck driven by Claude Harris, and a motor vehicle in which appellant was riding.

The accident occurred in mid-day, on a public highway in Tarrant County, at a point between the City of Fort Worth and a stock farm owned and operated by Dr. Charles H. Harris, on which farm Claude Harris was an employee.

Dr. Harris was sought to be held to damages on the theory that Claude Harris was guilty of negligence proximately causing the wreck of the two vehicles, while engaged in the performance of his duties as an employee.

The case was tried to a jury and after all evidence had been adduced, Dr. Charles H. Harris requested the trial court to give the jury a peremptory instruction in his behalf, but this was denied, and the cause being submitted on a number of special issues and a verdict returned into court, Dr. Harris made a motion to have entered in his behalf a judgment notwithstanding the verdict. This motion was granted, and the trial court rendered judgment for appellant against Claude Harris, but that appellant take nothing as against Dr. Harris.

From this judgment, appellant brings the case before us because of insufficient relief.

The contention is that the trial court had no right to disregard the verdict of the jury and to render judgment for Dr. Harris, because the jury, in answer to certain issues submitted, found that at the time of the accident Claude Harris was acting within the scope of his employment and for his principal.

To sustain the action of the trial court, it must be determined that there is no evidence having probative force upon which the jury could make the findings relied upon.

We have read the statement of facts in order to ascertain what was before the jury, and, without attempting to give a resume of all that is found in the record, we discover that the testimony shows that Claude Harris took the truck owned by Dr. Harris, when Dr. Harris was out of the State of Texas, and without obtaining permission to use same, and came to the City of Fort Worth, bringing his wife with him, and visited some friends—spent the night with them. This was the day before the accident. The next morning Claude Harris got in the truck alone and drove it to some tavern, on the road between Fort Worth and his father's farm, and drank some beer, and visited a store on the same road, cashed a check there, and was coming back to Fort Worth when the accident took place.

700

We find no evidence in the record tending to prove that Claude was on any mission for Dr. Harris.

Much stress is laid on the fact that there was found in the truck a "herd book", in which the record of cows bred and calves "dropped" was kept. The cattle were all high-bred, registered stock, and Dr. Harris required that these records be carefully kept. It appears that he took these "herd books" to his home in the City of Fort Worth once or twice per month to compare them with the "herd books" which he kept there, and if he did not take them they were brought to him for such purpose, at his request.

To our way of thinking, this was the one circumstance, or bit of evidence, that could have possibly furnished any fact on which one could draw any conclusion that Claude's mission was one in the furtherance of Dr. Harris' business.

■ But this fact, standing alone, raises no issue, and when taken in connection with other facts, is assuredly without probative force.

Claude knew that his father was not in Fort Worth. It appears that this "herd book" had been turned over to Claude before Dr. Harris left Fort Worth, and it had not been removed from the truck by Claude. There is no testimony showing that Claude had made any entries in the book that should be shown to Dr. Harris; no evidence that the book was placed in the truck for the purpose of taking it to Dr. Harris; no evidence that Dr. Harris had requested that the book be brought to him; no evidence tending to show that the book was being taken to Dr. Harris.

We find nothing but an inference in the whole of the evidence—something on which a court or jury might say there is a presumption that Claude was taking the book to Dr. Harris in the furtherance of Dr. Harris' business. That this is not enough evidence on which to raise the issue seems to us conclusive. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

■ The trial court should have granted the request of Dr. Harris for a peremptory instruction, and not having done so, it was the duty of the trial court to grant his motion for judgment notwithstanding the verdict. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, writ refused; Hudson v. Ernest Allen Motor Co.. Tex.

Civ.App., 115 S.W.2d 1167, writ dismissed; Texas News Co. et al. v. Lake et al., Tex. Civ.App., 58 S.W.2d 1044, writ dismissed; Hill v. Staats, Tex.Civ.App., 187 S.W. 1039, writ refused, Tex.Civ.App., 189 S.W. 85; Barton et al. v. J. M. Radford Gro. Co., Tex.Civ.App., 85 S.W.2d 801, writ dismissed; Dominguez v. Blaugrund, Tex. Civ.App., 42 S.W.2d 489; Bishop v. Farm & Home Savings & Loan Ass'n, Tex.Civ. App., 75 S.W.2d 285; McNeal et al. v. Home Ins. Co. et al., Tex.Civ.App., 112 S.W.2d 339; Morgan v. Luna, Tex.Civ. App., 114 S.W.2d 279; Reynolds v. Texas Iron Works Sales Corp. et al., Tex.Civ. App., 72 S.W.2d 299, writ dismissed; Murphy et ux. v. Gulf Prod. Co., Tex.Civ. App., 299 S.W. 295, writ dismissed; Van Cleave et al. v. Walker et al., Tex.Civ. App., 210 S.W. 767.

The judgment of the trial court is affirmed.