## KELLOGG SALES CO. v. STANGE.

### No. 10927.

Court of Civil Appeals of Texas.
San Antonio.

March 19, 1941.

Rehearing Denied April 9, 1941.

On Second Motion for Rehearing
July 16, 1941.

Brooks, Napier, Brown & Matthews and Harper Macfarlane, all of San Antonio, and Crain, Vandenberge & Stofer, of Victoria, for appellant.

E. L. Dunlap, C. C. Carsner, and Edward C. Thomas, all of Victoria, for appellee.

SMITH, Chief Justice.

This appeal is from an order overruling the plea of privilege of Kellogg Sales Company to be sued in Dallas County, its admitted domicile. At the instance of plaintiff below, the issues of fact were submitted to a jury.

The suit was brought in Victoria County by appellee, Miss Johanna Stange, to recover damages for personal injuries alleged to have been sustained by her in Victoria County as a result of a collision between a car in which she was a passenger and another car belonging to appellant and driven by its admitted agent, John Viles. For the sole purpose of testing venue, it

---

was agreed in open court that the collision was proximately caused by the negligence of Viles.

The case turns on the alternative questions (1) Was Viles engaged at the time upon a purely personal errand of his own? or (2) Was he performing the duties of his employment as salesman for appellant?

Viles was a traveling salesman for appellant in a territory embracing "Southern part of Texas from Waco south to Brownsville (and) Houston to Del Rio," and including San Antonio, Corpus Christi, Cuero and Victoria. He maintained headquarters at Houston, but had his room in San Antonio. His Company owned and furnished him the car in which he traveled over his territory, but with instructions never to use it under any circumstances for personal purposes. He usually controlled his own movements, without directions from appellant as to his itinerary or schedules.

This accident occurred at one o'clock in the morning of Sunday, April 30, 1939, while Viles was driving in appellant's car towards Victoria from Cuero, whence he had gone from Victoria to make a social call upon a young lady.

The record shows that Viles completed the week's work in San Antonio on Saturday, April 29th, and expected to take up his work in Corpus Christi the following Monday, May 1st. There were direct routes to Corpus Christi from San Antonio, but Viles, having no company work to do between San Antonio and Corpus Christi, decided to go an indirect and longer route by way of Victoria, in order to visit his mother there. Cuero was on this route a few miles before reaching Victoria. On the way to Victoria he stopped at Cuero, apparently to make an engagement for that night with a girl friend there. In less than an hour Viles drove on from Cuero to Victoria, where he joined his mother. That night, after spending a couple of hours with her he turned aside from his course and retraced his way back to Cuero, for the purely personal purpose of visiting the young lady, a purpose obviously disconnected from the business of his employer. When he completed the social call in Cuero he started back to Victoria, the point of digression from his route to Corpus Christi. This was about midnight Saturday night. On the way to Victoria his car collided with that in which appellee was injured. After the accident and the delay occasioned by it, Viles went on to his mother at Victoria. He had used the company car upon the personal errand (which he turned aside from his employer's business to take) in violation of a strict rule of the Company, and when his superiors learned of the infraction, the following day, May 1st, he was instantly discharged because of that infraction, and never resumed his employment or the planned journey from Victoria to Corpus Christi.

Under the facts stated, which were uncontroverted and conclusively established, we hold as a matter of law that at the time and on the occasion of the collision resulting in appellee's injury, Viles was in no sense engaged upon his master's business, but had turned aside therefrom at Victoria to prosecute a purely personal errand, from which he had not returned but was then returning, at the time of the accident. Viles himself, notwithstanding his discharge by appellant and subsequent removal to and present residence in a distant State, testified by deposition that at the time of the accident he "was not engaged in any business connected with" appellant.

The suit, and appellee's claim of venue, were grounded upon the contention that appellee had a cause of action against appellant as for a trespass committed by it through Viles upon appellee, in Victoria County. For the reasons stated, we hold that no such cause of action against appellant was shown, but that, on the other hand, it was conclusively negatived. Accordingly, the trial court should have granted appellant's motion for directed verdict, or, in the alternative, for judgment non obstante veredicto. Southwest Dairy Products Co. v. DeFrates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Houston Oil Co. of Texas v. Wilson, Tex.Civ.App., 70 S.W.2d 285; Reynolds v. Texas Iron Works Sales Corp., Tex.Civ.App., 72 S.W.2d 299; Murphy v. Gulf Production Co., Tex.Civ.App., 299 S. W. 295; Texas News Co. v. Lake, Tex.Civ. App., 58 S.W.2d 1044; Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384; Hudson v. Ernest Allen Motor Co., Tex. Civ.App., 115 S.W.2d 1167; Merryman v. Zelney, Tex.Civ.App., 143 S.W.2d 410; Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164; John F. Camp Drilling Co. v. Steele, Tex.Civ.App., 109 S.W.2d 1038.

The evidence shows that at the time of the accident two cases of "individual packaged

cereal," one of appellant's products, were in the company car. Appellee cites this fact as evidence that Viles was engaged in the course of his employment at the time. The cited fact, standing alone, as it did, was not sufficient to raise even a surmise that Viles was acting within the scope of his employment at the time of the accident. Langford v. Baking Company, Tex.Civ. App., 1 S.W.2d 476; Whiteman v. Harris, Tex.Civ.App., 123 S.W.2d 699, writ refused.

The judgment, then, must be reversed, and as the issue of venue was fully developed so that no purpose could be served by another trial of that issue, the cause will be remanded with instructions to the Clerk of the trial court to transfer the case to any District Court of Dallas County, as provided for in Art. 2020, R.S.1925, as amended by the Acts of 1933, 43rd Leg. p. 546, Ch. 177, Vernon's Ann.Civ.St. art. 2020.

Reversed and remanded, with instructions.

### On Appellee's Motion for Rehearing.

The suit was brought against both the Sales Company and Viles. The corporation asserted its plea of privilege to be sued in Dallas County, and that plea was overruled below, but on appeal was sustained by this Court. Viles, however, was concededly suable in Victoria County, and as to him the suit is maintainable there.

In the original disposition in this Court it was ordered, inadvertently and by implication, that the entire cause be transferred to Dallas County. This was error. The cause was transferable only as against the Sales Company, and we intended to so order. In her second motion for rehearing appellee has called attention to this error, which must be corrected. The original order of this Court will therefore be amended so as to provide that the venue of this suit, insofar only as it asserts a cause of action against appellant, Kellogg Sales Company, be changed to Dallas County, and the Clerk of the trial court will be instructed to make up a transcript embracing certified copies of the pleadings of appellant and appellee, and of all orders made in the cause, certifying to such transcript officially under the seal of that court and send it to the Clerk of the District Court of Dallas County, Texas, as provided in Art. 2020, R.S.1925, as amended by Acts of 1933, 43d Leg. p. 546, Ch. 177, Vernon's Ann.Civ.St. art. 2020.

Also, in her second motion for rehearing, appellee complains that this Court has no jurisdiction to pass upon the question of whether the evidence shows, as a matter of fact as distinguished from a matter of law, that the agent Viles was acting within the scope of his employment on the occasion of the accident in which appellee sustained the injury she complains of in this suit. Appellee insists that there was evidence upon which the jury could, and properly did, find that Viles was in fact engaged upon his master's business on that occasion. This Court held in the original·disposition, and adheres to the holding here, that the testimony did not efficiently raise the claimed question of fact, but, on the contrary, showed, as a matter of law, that Viles was not so engaged. There was no evidence to support the jury's finding against appellant on that issue. The question was efficiently raised by appellant on this appeal.

Appellee's second motion for rehearing will be granted to the extent of restricting the change of venue to the cause of action asserted against appellant, Kellogg Sales Company, but in all other respects the motion will be overruled.

Appellee's original motion for rehearing will be overruled, but her second motion will be granted in part and overruled in part, as per order on file.