Alice COOMBS, Appellant,

v.

EXPRESS PUBLISHING COMPANY et al., Appellees.

No. 12852.

Court of Civil Appeals of Texas.

San Antonio.

May 25, 1955.

Rehearing Denied June 22, 1955.

372

O. Shelley Evans, San Antonio, for appellant.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellees.

POPE, Justice.

Appellant, Alice Coombs, filed suit against Express Publishing Company and Joe D. Wiley as its employee, for injuries she suffered when Wiley's automobile struck her while crossing a street. The trial court rendered judgment on an instructed verdict in favor of the defendant Express Publishing Company and gave judgment on the verdict against Wiley. Wiley has not appealed. The defenses urged by the Express Publishing Company were that Wiley was an independent contractor, but, if not, that Wiley was not in the course of his employment when the accident occurred. It is not necessary that we pass upon the first defense. Even if it be true that Wiley was not an independent contractor, under the evidence, he was not in the course of his employment.

The evidence shows that Wiley had several paper routes which he delivered in the morning and the evening. He picked up his papers early in the morning and threw them to the customers before 7:00 A.M. He again threw his papers before 5:00 P.M. He needed and used a car in making his deliveries, and his wife sometimes helped him with his work. He spent much of his time selling subscriptions and making collections when he was not actually delivering his routes. The evidence shows th  he sometimes worked most of the day and late into the night.

The question before us, however, is not how he usually worked, but what happened on April 10, 1950, the day this accident occurred. The proof is that Wiley made his morning deliveries before 7:00 A.M. He returned to his home and ate breakfast. He then visited with his father at Terrell Wells until about 10:30 and again returned home. He picked up his wife and drove to the business section of the City of San Antonio, because his wife had an appointment with her personal physician. He let his wife out of the car at the Nix Hospital and then circled the block waiting for his wife to return from her visit with her doctor. While driving around the block he ran into the plaintiff. The accident occurred about 12:00 o'clock, and Wiley was due at the Express Publishing Company building to pick up his papers for afternoon deliveries by 1:00 P.M.

The evidence showed that from the time Wiley made his morning deliveries until the accident, he had done nothing to further his employer's business. He made no collections, made no solicitations, and was outside of his route. He had no functions to perform and performed none for the Express Publishing Company on the morning of the accident, from the time he finished his morning deliveries to the time of the accident. The trip to the Nix Hospital was purely personal. Neither the time of the accident, the place of the accident, nor the purpose of the trip indicates any purpose on behalf of an employer. Wiley was far outside any course of employment with Express Publishing Company. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384; Bresnan v. Republic Supply Co., Tex. Civ.App., 63 S.W.2d 1105; Texas News Co. v. Lake, Tex.Civ.App., 58 S.W.2d 1044; Dominguez v. Blaugrund, Tex.Civ.App., 42 S.W.2d 489; Murphy v. Gulf Production Co., Tex.Civ.App., 299 S.W. 295.

The judgment is affirmed.