**Guadalupe Martinez Vda. DE CRUZ, Appellant,**

v.

**WALKER–CRAIG COMPANY, Appellee.**

No. 13221.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1957.

Rehearing Denied Nov. 13, 1957.

Sharpe, Cunningham & Garza, Hector Yznaga, Brownsville, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

POPE, Justice.

Guadalupe Martinez de Cruz sued Walker-Craig Company for the death of her son in an automobile collision, and the trial court granted a summary judgment in favor of defendant. Plaintiff's son was in a vehicle which collided with a truck which plaintiff claims the defendant owned and which was being driven by its employee in the scope of his employment. Defendant denied ownership of the truck, denied that the driver was its employee and denied that he was in the scope of his employment on behalf of defendant. Defendant on its motion for summary judgment factually supported these denials with affidavits. Plaintiff met those affidavits by a deposition given by one Gilberto Martinez. In our opin-

ion, any dispute raised by the deposition related to immaterial matters. We affirm the judgment.

Plaintiff insists, but defendant denies, that defendant was the owner of the truck. Defendant, Walker-Craig, at one time admittedly owned the truck, but Gilberto Martinez agreed to buy it. He paid for it, but Walker-Craig withheld the certificate of title. There was a dispute, therefore, between plaintiff and defendant as to whether the certificate was ever delivered until the day of the accident. That dispute is not essential to the disposition of this case, since the summary judgment proceeding shows that Walker-Craig did not authorize the trip nor know anything about it, and the driver of the truck was not its employee.

Walker-Craig Company, from the showing, was engaged in the wholesale grocery business. The truck, at the time of the accident, was not on any mission in connection with such a business. Martinez was the one who hired and paid the truck driver, Martinez' uncle. Walker-Craig did not hire, pay, nor agree to pay, the driver.

The occasion of the trip on the morning of the accident, was that Martinez had contracted with a Mr. Hurley in Arkansas to send his truck to Dallas to pick up a truckload of cotton pickers for delivery to a point in Arkansas. Walker-Craig's business in no way concerned the picking of cotton. It had no knowledge of nor agreement with Mr. Hurley. Martinez, when asked the direct question in the deposition, whether he was making the trip for Walker-Craig, answered, "No sir."

The manner in which plaintiff seeks to tie the trip to Walker-Craig is that Martinez ordered the driver to stop by Almito Canning Company, a claimed subsidiary for Walker-Craig, and "see if they had something going up there," to Dallas. The accident occurred when the truck was on its way to the Canning Company in obedience to instructions by Martinez. Neither Walker-Craig nor the Canning Company sent for the truck and they did not know it was coming. Martinez at one point in the deposition, stated that at one time he worked for Walker-Craig and hired drivers for it when asked to do so. He does not state that Walker-Craig at any time asked that he hire the truck driver involved in the accident with plaintiff's son. The deposition also stated that Walker-Craig, pending payment of the truck, required Martinez to park the truck on its lot. That situation did not exist for some time prior to the time of the accident. Martinez stated that about two months earlier, "I went on my own to harvest cotton." For several months he had kept the truck at his home. He was exercising complete control over the truck. The day before the accident he was making repairs on the truck at his expense. He paid all truck expenses, paid for the oil and gas, and paid for the repairs.

On this character of showing, defendant Walker-Craig was not the principal nor employer of a man it did not hire nor pay to drive a truck at a time and to a destination about which it had no knowledge and on a trip in which it had neither interest nor information. There is no factual dispute on the issue which is necessary to bind Walker-Craig for the actions of the driver of the truck. Coombs v. Express Publishing Company, Tex.Civ.App., 280 S.W.2d 371.

The judgment is affirmed.